THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEN A. THOMAN, Defendant-Appellant.

Fifth District   No. 5—01—0127

Opinion filed May 24, 2002.

Lou J. Viverito, of Taylor Law Offices, P.C., of Effingham, for appellant.

Steve Friedle, State's Attorney, of Vandalia (Stephen E. Norris and Sharon Shanahan, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Ken A. Thoman (defendant) appeals from his conviction, following a jury trial in the circuit court of Fayette County, for driving with a blood alcohol concentration of 0.08 or more in violation of section 11—501(a)(1) of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501(a)(1) (West 2000)). He raises two issues on appeal: whether the evidence presented at the trial was sufficient to prove him guilty beyond a reasonable doubt where no evidence of the alcohol concentration in his "whole blood" was presented but only evidence of the alcohol concentration in his "blood serum" and whether the trial court erred in allowing into evidence the result of the blood serum alcohol analysis where the State failed to establish the necessary and proper foundation for its admission. We will set forth only those facts necessary to our disposition on appeal.

Defendant was charged by information filed in the circuit court of Fayette County on January 5, 2001, with driving with a blood alcohol

concentration of 0.08 or more in violation of section 11—501(a)(1) of the Code and with driving while under the influence of alcohol in violation of section 11—501(a)(2) of the Code (625 ILCS 5/11—501(a)(1), (a)(2) (West 2000)). On the State's own motion, the charge of driving while under the influence of alcohol was dismissed during the trial. A jury convicted defendant of driving with a blood alcohol concentration of 0.08 or more, and on February 12, 2001, defendant was sentenced to 18 months' probation.

At defendant's jury trial, the State presented evidence that, after defendant was involved in a one-vehicle accident, he was transported to the local hospital, where his blood was drawn and subjected to an alcohol analysis. This was not done at the request of the police, but as a part of standard hospital procedures. As a part of this analysis, his blood serum was separated from the whole blood, and the serum was subjected to the analysis. The analysis of his blood serum showed an alcohol concentration of 0.306. This result was admitted into evidence at defendant's trial. However, no evidence was presented as to the blood alcohol concentration in defendant's *whole* blood or how blood *serum* alcohol concentration related to *whole* blood alcohol concentration. Defendant argues on appeal that because the State failed to prove that his *whole* blood alcohol concentration was 0.08 or more, it failed to prove him guilty beyond a reasonable doubt.

■ It is now recognized that, although the term "blood" as used in the Code is not defined therein, the term refers to whole blood, and whole blood only, and that whole blood is the standard unit required by the Code. See *People v. Green*, 294 Ill. App. 3d 139, 144-45 (1997). Blood serum is different from whole blood because the lack of red and white blood cells and other particulate matter serves to increase the relative percentage of water within the serum, which, because alcohol has an affinity for water, results in higher alcohol concentration levels in blood serum than in whole blood. *Green*, 294 Ill. App. 3d at 145. Thus, while the results of a blood *serum* analysis are admissible at trial (*People v. Menssen*, 263 Ill. App. 3d 946, 953 (1994); *Green*, 294 Ill. App. 3d at 147), the State must still prove beyond a reasonable doubt that the defendant's *whole* blood alcohol concentration was 0.08 or more.

■ Evidence of a defendant's whole blood alcohol concentration level may stem from actual whole blood alcohol concentration test results or from blood serum alcohol concentration test results converted into whole blood equivalents. *Green*, 294 Ill. App. 3d at 147. Because a blood serum alcohol concentration test result can predictably be anywhere from 12% to 20% higher than a whole blood alcohol concentration test result (*Menssen*, 263 Ill. App. 3d at 953), blood

serum concentration test results are converted by dividing by a corresponding factor between 1.12 to 1.20. See *Green*, 294 Ill. App. 3d at 146 n.2 (1.16 is the average of a range).

The State argues that *Green* is distinguishable from the case at bar because it involved the application of the presumptions set forth in section 11—501.2(b) of the Code (625 ILCS 5/11—501.2(b) (West 2000)), whereas the case at bar involves a violation of section 11—501(a)(1), and that the holding of *Green* that the term "blood" as used in the Code means whole blood applies only to prosecutions involving the presumptions provided in section 11—501.2(b) and not to prosecutions involving section 11—501(a)(1). In *Green*, the court held that a jury could not employ any of the presumptions provided in section 11—501.2(b) of the Code (for example, that a person with a blood alcohol concentration of 0.08 or more is under the influence of alcohol) based on a person's blood serum alcohol concentration. *Green*, 294 Ill. App. 3d at 147. Such a presumption could only be employed on the basis of a person's whole blood alcohol concentration. Allowing a jury to employ such a presumption on the basis of a defendant's unconverted blood serum alcohol concentration level is error. *Green*, 294 Ill. App. 3d at 147.

■ We do not believe that the term "blood" means one thing for the purpose of section 11—501.2(b) of the Code and something different for the purpose of section 11—501(a)(1) of the Code. The State posits, and we can think of, no sensible reason why this should be so. We believe that the term means *whole* blood alcohol concentration for the purposes of both sections of the Code. Where the same word is used in different sections of the same statute, it should be given the same meaning unless something in the context indicates that the legislature intended otherwise. *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 513 (1998). Nothing in the Code indicates that the legislature intended the word "blood" to have a different meaning in these two sections. Thus, section 11—501(a)(1) of the Code requires the State to prove that the defendant's *whole* blood alcohol concentration was 0.08 or more. It can do this only by presenting evidence of an actual whole blood alcohol concentration test result or from blood serum alcohol concentration test results converted into whole blood equivalents. *Green*, 294 Ill. App. 3d at 147. In the instant case, the State failed to present either type of evidence. Instead, the State presented only evidence of defendant's blood serum alcohol concentration test result.

■ We agree with defendant that the State failed to prove beyond a reasonable doubt that defendant's whole blood alcohol concentration was 0.08 or more. The jury was presented with evidence of defendant's

blood serum alcohol concentration, but it was presented with no evidence of the conversion factor. It is not the defendant's burden to present this evidence, for the State bears the burden of proving every essential element of the offense beyond a reasonable doubt. See *People v. Rose*, 77 Ill. App. 3d 330, 335 (1979). The State could have proved the whole blood alcohol concentration through expert testimony regarding the conversion factor or through asking the trial court to take judicial notice of, and instruct the jury on, the appropriate conversion factor. See, *e.g.*, 20 Ill. Adm. Code § 1286.40 (2001). It did neither.

In its brief on appeal, the State makes a "harmless error" argument, arguing that, even if the highest conversion factor of 1.20 were applied to defendant's blood serum alcohol concentration test result, his whole blood alcohol concentration would still be over 0.08. The State is essentially arguing that, if it had presented sufficient evidence, defendant would have been proved guilty beyond a reasonable doubt, so any failure to present the evidence is harmless. The error in this argument is obvious. The State has the burden of proving defendant guilty beyond a reasonable doubt. *Rose*, 77 Ill. App. 3d at 335. We reject the use of a harmless error argument regarding the insufficiency of the evidence.

The absence of evidence of defendant's whole blood alcohol concentration at the time of his driving results in a failure of proof on an essential element of the charge of driving with an alcohol concentration of 0.08 or more. Accordingly, we reverse defendant's conviction and sentence based on the insufficiency of the evidence. In light of this disposition, we need not address the second argument raised by defendant on appeal.

Reversed.

GOLDENHERSH and HOPKINS, JJ., concur.