THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LONNY R. STIPP, Defendant-Appellant.

Third District   No. 3—03—0480

Opinion filed June 23, 2004.

John P. Ridge, of Kankakee, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (Lawrence M. Bauer and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Lonny R. Stipp, was convicted of two counts of driving while under the influence of alcohol (625 ILCS 5/11—501(a)(1), (a)(2) (West 2000)). He appeals, arguing that the trial court erred in admitting the results of his blood-alcohol test under section 11—501.4 of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501.4 (West 2000)) because the test was conducted on his blood serum rather than his whole blood. We affirm.

## FACTS

The defendant was charged with driving with (1) a blood-alcohol concentration of 0.08 or more in violation of section 11—501(a)(1) of the Code, and (2) driving while under the influence of alcohol in violation of section 11—501(a)(2) (625 ILCS 5/11—501(a)(1), (a)(2) (West 2000)). The defendant filed a motion *in limine*, seeking to suppress the chemical test conducted by the hospital on the grounds that his blood was taken without his consent and that it was not drawn in the course of providing emergency medical treatment. The trial court denied the motion.

Prior to trial, the State noted that it was no longer necessary for an expert to testify as to the conversion factor from blood serum alcohol concentration to whole blood alcohol concentration (see 20 Ill.

Adm. Code § 1286.40 (2001)). Based on the appropriate conversion factor of 1.18, the defendant's whole blood alcohol level was 0.24. The parties agreed that the jury would be given that number.

At the defendant's jury trial, the evidence established that the defendant was involved in a one-vehicle accident. When emergency personnel arrived at the scene, the defendant's truck was on fire and was stuck in a ditch. The defendant had lacerations on his face and was confused. Emergency medical technicians transported the defendant to the hospital, where his blood was drawn by hospital staff as part of standard hospital procedure. The blood sample was then sent to the hospital laboratory. Once in the lab, the defendant's blood serum was extrapolated from his whole blood and analyzed for alcohol content. The test results determined that the defendant's blood serum alcohol level was 284.

The laboratory technician who conducted the test testified that a result of 284 translated to a blood serum alcohol level of 0.284 grams of alcohol per 100 milliliters of blood. He further testified that blood serum contains a higher concentration of alcohol than whole blood and that the conversion factor from blood serum to whole blood alcohol concentration was 1.18. The blood serum test results were admitted over the defendant's objection.

The jury found the defendant guilty of both counts. The defendant's motion for a new trial was denied, and he was sentenced to 18 months' conditional discharge.

## ANALYSIS

On appeal, the defendant claims that the trial court erred in admitting his blood test results. He maintains that the results were inadmissible because the test was conducted on his blood serum rather than his whole blood as required by section 11—501.4. The issue so framed is one of statutory construction, which we review *de novo. People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996).

In Illinois, a blood sample tested to determine a defendant's blood-alcohol concentration may be taken from a defendant during the regular course of providing emergency medical treatment. 625 ILCS 5/11—501.4 (West 2000). Under section 11—501.4 of the Code, "the results of blood tests performed for the purpose of determining the content of alcohol *** of an individual's blood conducted upon persons receiving medical treatment in a hospital emergency room are admissible." 625 ILCS 5/11—501.4 (West 2000). For the purposes of his argument, the defendant maintains that the term "blood" as used in section 11—501.4 means whole blood and that blood serum tests are therefore inadmissible. We disagree.

The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *People v. Rissley*, 206 Ill. 2d 403, 795 N.E.2d 174 (2003). Where the statutory language is clear and unambiguous, its plain meaning should be given effect. *People v. Whitney*, 188 Ill. 2d 91, 720 N.E.2d 225 (1999). However, if the language of the statute is ambiguous, the court may consider extrinsic aids to determine the legislative intent. *Whitney*, 188 Ill. 2d 91, 720 N.E.2d 225. Ambiguities in a statute may be resolved by construing the statute in conjunction with other statutes addressing the same subject. *People v. Badoud*, 122 Ill. 2d 50, 521 N.E.2d 884 (1988).

In this case, the trial court properly admitted the blood serum test results under section 11—501.4 of the Code. The term "blood" as used in chapter 11 is not defined within the Code. Since it is apparent that a blood-alcohol-concentration test can be performed on whole blood as well as blood serum, we find that portion of section 11—501.4 ambiguous.

Having determined that section 11—501.4 is ambiguous, it is appropriate to consider extrinsic evidence to aid in our interpretation of the statute. Reference to another statute by analogy is a common method of interpretation and has been relied upon by this court on many occasions. See, *e.g.*, *Board of Education of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 546 N.E.2d 580 (1989). In interpreting other provisions of chapter 11 of the Code, this court has determined that whole blood is the standard unit required. *People v. Green*, 294 Ill. App. 3d 139, 689 N.E.2d 385 (1997). Thus, the whole blood alcohol concentration test results are clearly admissible under section 11—501.4.

The question before us, however, is whether blood serum alcohol concentration test results are admissible under the same section. Nothing in the language of section 11—501.4 prohibits the use of blood serum test results in lieu of a whole blood alcohol concentration test. See *People v. Thoman*, 329 Ill. App. 3d 1216, 770 N.E.2d 228 (2002). Further, numerous cases have held that blood serum alcohol concentration test results converted into whole blood equivalents are admissible under section 11—501 and section 11—501.2. *Green*, 294 Ill. App. 3d 139, 689 N.E.2d 385; *Thoman*, 329 Ill. App. 3d 1216, 770 N.E.2d 228; *People v. Luth*, 335 Ill. App. 3d 175, 780 N.E.2d 740 (2002). We therefore interpret "blood" as used in section 11—501.4 to allow the admission of: (1) whole blood alcohol concentration test results; and (2) blood serum alcohol concentration test results where evidence is presented that converts the results into whole blood equivalents.

In this case, the State presented evidence concerning the conversion of blood serum alcohol results to whole blood equivalents. The results were therefore properly admitted under section 11—501.4.

## CONCLUSION

The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

BARRY and SCHMIDT, JJ., concur.