(No. 68934.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. THOMAS MOORE, Appellee.

*Opinion filed September 26, 1990.*

Neil F. Hartigan, Attorney General, of Springfield, and John Baricevic, State's Attorney, of Belleville (Robert J. Ruiz, Solicitor General, Terence M. Madsen and Douglas K. Smith, Assistant Attorneys General, of Springfield, and Kenneth R. Boyle, Stephen E. Norris and Raymond F. Buckley, Jr., of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

Christopher Cueto and Kathleen A. Moore, of Cueto,

Daley, Williams, Moore & Cueto, Ltd., of Belleville, for appellee.

JUSTICE RYAN delivered the opinion of the court:

The defendant, Thomas Moore, was charged with the offense of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(4)). The State appeals the ruling of the appellate court (184 Ill. App. 3d 102), which affirmed the St. Clair County circuit court's order suppressing the result of defendant's breath test, and other evidence. The circuit court held that the previous ruling following a hearing on defendant's petition to rescind his statutory summary driver's license suspension acted as collateral estoppel for purposes of the criminal DUI trial. We reverse.

The record indicates that on February 6, 1987, Officers Bachesta and Wasser, while on routine patrol, observed a yellow Ford Maverick that defendant was driving make a wide right turn onto O'Fallon Road from Route 157 in Caseyville, Illinois. The officers then followed defendant's vehicle for several blocks until the officers again observed defendant make a wide turn, at which time the officers activated their emergency lights and made a traffic stop. Upon defendant's tendering his driver's license, Wasser detected a strong odor of alcohol on defendant's breath and noticed that defendant had bloodshot eyes. The officers arrested Moore, informed him of the consequences of driving while under the influence of alcohol or drugs and took him to the Caseyville police department, where, in accord with the advice of his counsel, defendant submitted to a breathalyzer test. That test revealed that defendant had a blood-alcohol content of 0.17%. The statute provides that a person shall not drive an automobile while the alcohol concentration in his blood is 0.10 or more. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(1).) Defendant was immediately

served with notice of the statutory summary suspension of his driving privileges, and he was later served with confirmation of his suspension. Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1.

On February 11, 1987, defendant filed a request for a hearing to rescind the statutory summary suspension of his driver's license. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1.) The circuit court of St. Clair County heard Moore's argument and held that the arresting officer did not have probable cause to stop defendant solely because defendant made two wide turns onto unmarked streets. The court also precluded the admission of the police report to establish the results of defendant's breath test.

Defendant then filed a motion to suppress, directed to the DUI criminal proceeding against him, alleging that the issue of probable cause had already been litigated and resolved in favor of defendant in the proceeding to rescind the summary suspension of his driver's license. Therefore, defendant argued, the State was precluded from offering any evidence in the DUI proceeding that was obtained after and pursuant to the stop. The circuit court agreed, holding that all of the elements necessary for the application of collateral estoppel exist, and no exception applies. The State filed a notice of appeal of the circuit court's order granting defendant's motion to suppress. (107 Ill. 2d R. 604(a).) The appellate court affirmed. (184 Ill. App. 3d 102.) The State filed a petition for leave to appeal (107 Ill. 2d R. 315), which we granted.

The sole issue before this court is whether the results of a statutory summary suspension hearing can act as collateral estoppel to bar litigating in the DUI criminal proceeding a question decided in the earlier license suspension hearing. We agree with the holding of other panels of the appellate court in this State, which have all decided the issue contrary to the holding of the appellate

court in this case. Those cases hold that the doctrine of collateral estoppel cannot be used in such a manner.

The doctrine of collateral estoppel applies to bar the trial of an issue that has been fairly and completely resolved in a prior proceeding. (*People v. Grayson* (1974), 58 Ill. 2d 260.) The doctrine applies "when a party or someone in privity with a party participates in two separate and consecutive cases arising on *different* causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction." (Emphasis in original.) (*Housing Authority v. Young Men's Christian Association* (1984), 101 Ill. 2d 246, 252; *Buttitta v. Newell* (1988), 176 Ill. App. 3d 880.) Although the situation in this case appears to contain all the elements necessary for application of the doctrine of collateral estoppel, for various reasons we conclude that the results of a statutory summary suspension hearing cannot act as a bar to litigating the same issues in the criminal DUI proceeding.

Illinois law provides that one who is convicted of driving while under the influence of drugs or alcohol is subject to various stiff penalties. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.) In recognition of the fact that it often takes a very long time for the State to prosecute impaired drivers and remove their drivers' licenses, however, the legislature has enacted a system separate from the criminal proceeding in which a motorist's license is summarily suspended when he or she either fails a chemical test or refuses to submit to such a test. These suspensions last for three months or six months, respectively, beginning on the forty-sixth day following notice of the suspension (see Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1), and serve the salutary purpose of promptly removing impaired drivers from the road. To insure that the State has not violated any due process rights a mo-

torist might have in retaining his or her driving privileges until convicted, however, the legislature has also created a mechanism whereby the motorist may file a written petition to rescind the statutory summary suspension of his or her license and receive a hearing. Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1.

The scope of the summary suspension hearing is limited to four questions: (1) whether the person was placed under arrest; (2) whether the arresting officer had probable cause to believe that the person was driving while under the influence; (3) whether the person refused to take a chemical test; and (4) whether the person failed a test to which that person submitte᠎ (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) These hearings are civil in nature, and the court may rely on law enforcement officers' official reports in the absence of the officers themselves.

Several panels of the appellate court have addressed the precise issue in this case of whether the results of these statutory summary suspension hearings can act as collateral estoppel to bar litigating a question in the later criminal proceeding that a court decided in the suspension hearing. With the sole exception of the appellate court in this case, all have held that the doctrine of collateral estoppel cannot apply.

In *People v. Stice* (1988), 168 Ill. App. 3d 662, 664-65, the fourth district of the appellate court stated that the rescission hearing is in essence a type of administrative hearing that is designed to quickly resolve one or more of four narrow issues. The *Stice* court reasoned that if rescission hearings were given collateral estoppel effect, it would frustrate the goal of expediency because the State would be forced to call witnesses and generally treat the proceeding as a trial. For this reason, the *Stice* court concluded that collateral estoppel should not apply.

The second district of the appellate court concurred with this holding in *People v. Filitti* (1989), 190 Ill. App. 3d 884, 886. The *Filitti* court, while agreeing with the appellate court in the present case that the elements for application of the doctrine of collateral estoppel exist in this situation, identified and applied exceptions to the general application of the doctrine when an injustice will be worked against a party (citing *Collins v. St. Jude Temple No. 1* (1987), 157 Ill. App. 3d 708, 712) or when it is "warranted by differences in the quality or extensiveness of the procedures followed in the two courts" (Restatement (Second) of Judgments §28(3) (1982)).

Most recently, in *People v. Flynn* (1990), 197 Ill. App. 3d 13, a panel of the first district of the appellate court also refused to apply the doctrine of collateral estoppel in this situation. Like the courts in *Stice* and *Filitti*, the *Flynn* court reasoned that the statutory summary suspension hearing is a type of an administrative proceeding rather than a part of the criminal proceeding, as the appellate court in the present case found. The *Filitti* court found support from the decision of this court in *Koss v. Slater* (1987), 116 Ill. 2d 389, 395, in which this court ruled that, because the natures of the two proceedings are so different, the summary suspension hearing is not part of the criminal process but is, rather, merely an administrative device that is designed to remove impaired drivers from the road promptly. As such, this court held in *Koss*, indigent defendants are not entitled to appointment of counsel for these proceedings.

The appellate court in the present case, however, was unable to find a meaningful distinction between the framework of a DUI proceeding and other criminal proceedings where a determination of a motion to suppress evidence, for instance, ordinarily is given preclusive effect. (184 Ill. App. 3d at 106.) The appellate court cited several similar instances in which the doctrine has been

held to apply and noted the seriousness of one's having his or her driving privileges taken away, especially in rural areas, where little or no public transportation is available.

While we agree with the appellate court in this case that the distinction between the functions of a statutory summary suspension hearing in a DUI case and a preliminary hearing in a criminal case can often be slight, and perhaps even insignificant (*People v. Puleo* (1981), 96 Ill. App. 3d 457, 465), the differences in procedures involved are, nevertheless, very real. The legislature has specifically directed that the license suspension proceedings are to be swift and of limited scope. As the *Stice* court noted, if these proceedings were given preclusive effect, it would render meaningless this legislative purpose. That is, the practical effect would be that the State or municipality could not rely on the sworn police report at these proceedings but, rather, would be required to have the arresting officer, and other witnesses, testify. The goal of conducting swift hearings for the sole purpose of determining whether a court has sufficient reason to rescind summary suspension of a motorist's driving privileges will be thwarted. Given this probable result, and the fact that no injustice will be done to either party by declining to give preclusive effect to these license suspension hearings, we decline to do so.

Counsel for defendant urges this court to adopt a case-by-case approach and, when the record reveals that the summary suspension hearing provided a full and fair disposition of an issue, such as whether the officer had probable cause to arrest, it should act as collateral estoppel, but when an issue is resolved in a cursory fashion it should not be given preclusive effect. We think that such a solution would be unworkable. Given even the possibility that the results of a summary suspension hearing would act as collateral estoppel, the State would likely

find it necessary to treat the suspension hearing as an integral part of the criminal trial rather than merely an administrative device at the disposal of the defendant in which the defendant can halt the otherwise automatic suspension of his driving privileges. The process would seldom, if ever, be swift. Law enforcement officers would be required to testify regardless of whether the defendant subpoenaed them. The State would also be required to present witnesses to establish that defendant was in fact driving and was doing so while impaired, and experts will often be required to testify concerning the accuracy of the various chemical testing devices.

For these reasons, we hold that both the appellate court and the circuit court erred by precluding a determination in the criminal DUI trial of the issue of whether the officers had probable cause to arrest defendant and whether the evidence obtained from that arrest must have been suppressed. The judgments of the appellate court and the circuit court are reversed and the cause is remanded to the circuit court of St. Clair County.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded.*