THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD RODRIGUEZ, Defendant-Appellant.

Second District    No. 2—01—1197

Opinion filed June 20, 2003.

O'MALLEY, J., dissenting.

Donald J. Ramsell and Christopher B. Klis, both of Ramsell & Armamentos, of Wheaton, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Kenneth L. Gillis, of Chicago, for the People.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The defendant, Edward Rodriguez, appeals from the October 11, 2001, order of the circuit court of Du Page County granting the State's motion to strike his petition to rescind the statutory summary suspension of his driver's license. On appeal, the defendant contends that the trial court erred in determining that his petition to rescind was untimely. We affirm.

On February 25, 2001, the defendant was arrested and subsequently charged with driving under the influence of alcohol (DUI) in

violation of section 11—501 of the Illinois Vehicle Code (the Vehicle Code) (625 ILCS 5/11—501 (West 2000)). The defendant was stopped after a police officer observed him driving erratically. Because he refused to submit to chemical testing, the defendant's driver's license was summarily suspended for at least six months pursuant to section 11—501.1 of the Vehicle Code (625 ILCS 5/11—501.1 (West 2000)). On March 2, 2001, the defendant filed a timely petition to rescind the summary suspension. See 625 ILCS 5/2—118.1 (West 2000). However, the defendant voluntarily dismissed his petition on May 2, 2001. On September 18, 2001, the defendant refiled his petition to rescind the summary suspension. The State filed a motion to strike the defendant's petition, arguing that it was untimely because it had not been brought within 90 days of his summary suspension as was required by section 2—118.1 of the Vehicle Code. In response, the defendant argued that section 13—217 of the Code of Civil Procedure (the Civil Code) (735 ILCS 5/13—217 (West 2000)) allowed him one year from the date of the voluntary dismissal to refile his petition. Following a hearing, the trial court rejected the defendant's argument and granted the State's motion to strike his petition. The defendant thereafter filed a timely notice of appeal.

■ The issue presented in this case is whether the defendant is permitted to refile his petition to rescind his summary suspension beyond the 90-day period prescribed by section 2—118.1(b) of the Vehicle Code (625 ILCS 5/2—118.1(b) (West 2000)). As this issue involves a purely legal question, we review the trial court's decision *de novo*. *Clay v. Kuhl*, 297 Ill. App. 3d 15, 20 (1998).

■ Section 11—501.1 of the Vehicle Code (625 5/11—501.1 (West 2000)) authorizes the Secretary of State to summarily suspend the driving privileges of a person arrested for DUI. Due to the fact that it often takes a long time for the State to prosecute impaired drivers and to remove their drivers' licenses, the legislature has enacted a system separate from the criminal proceeding wherein a defendant may petition to rescind his summary suspension. See *People v. Moore*, 138 Ill. 2d 162, 166 (1990). The hearing on such a petition is of a rather unique nature. See *People v. Williams*, 206 Ill. App. 3d 1071, 1073 (1990). Although this hearing originates from a criminal proceeding, it is civil in nature. See *Moore*, 138 Ill. 2d at 167. However, this hearing differs from other civil proceedings. See, *e.g.*, *Moore*, 138 Ill. 2d at 167 (a verdict in the defendant's favor cannot have a collateral estoppel effect on the underlying criminal proceeding); *People v. Farrell*, 158 Ill. App. 3d 690, 692 (1987) (although rules of civil procedure permit amendment of pleadings, the State is not permitted in a rescission hearing to amend at the hearing and include the sworn officer's report that is required by statute).

■ The right of a driver to request a hearing to challenge the summary suspension of his driving privileges is established through section 2—118.1(b) of the Vehicle Code. This section provides in pertinent part:

"Within 90 days after the notice of statutory summary suspension [is] served \*\*\*, the person may make a written request for a judicial hearing in the circuit court of venue." 625 ILCS 5/2—118.1(b) (West 2000).

Section 2—118.1 is silent as to whether a defendant may refile a petition that he or she has voluntarily dismissed, and if so, how long he or she has to refile the petition. However, section 2—118.1(b) provides that the "hearings shall proceed in the court in the same manner as in other civil proceedings." 625 ILCS 5/2—118.1(b) (West 2000). Generally, in other civil proceedings, a party has the right to refile within one year a claim that he has voluntarily dismissed. See 735 ILCS 5/13—217 (West 2000). Thus, the issue becomes whether this right to refile also extends to one's right to challenge his summary suspension pursuant to section 2—118.1(b) of the Vehicle Code.

■ The principles governing statutory interpretation are well settled. The fundamental principle of statutory construction is to ascertain and give effect to the intent of the legislature. *Lieb v. Judges' Retirement System*, 314 Ill. App. 3d 87, 92 (2000). We must first look to the words of the statute as the best indication of legislative intent. However, if the words used in a statute are ambiguous or if the meaning is unclear, the court may consider the legislative history as an aid to construction. *Armstrong v. Hedlund Corp.*, 316 Ill. App. 3d 1097, 1106 (2000). A statute is ambiguous if it is capable of two reasonable and conflicting interpretations. *Paciga v. Property Tax Appeal Board*, 322 Ill. App. 3d 157, 161 (2001). Our supreme court further instructs courts that, "[i]f the language of a statute is susceptible to two constructions, one of which will carry out its purpose and another which will defeat it, the statute will receive the former construction." *Harvel v. City of Johnston City*, 146 Ill. 2d 277, 284 (1992). A court should not construe a statute in a manner that would lead to consequences that are absurd, inconvenient, or unjust. *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 513-14 (1998). Further, a court should avoid an interpretation of a statute that would render any portion of it meaningless or void. *Paciga*, 322 Ill. App. 3d at 161.

■ Moreover, when the legislature enacts legislation to remedy an imperfection in the law, such remedial legislation should be construed liberally to effectuate its purposes. See *Town of Benton v. City of Zion*, 195 Ill. App. 3d 71, 76 (1990). A court must consider a statute in its entirety and note the subject that it addresses and the legislature's apparent objective in enacting it. *Town of Benton*, 195 Ill. App. 3d at 76.

■ Applying these principles, we conclude that section 2—118.1 of the Vehicle Code is ambiguous because it is susceptible to two conflicting interpretations. First, section 2—118.1 could be interpreted such that one cannot refile a petition to challenge a summary suspension after the 90 days have lapsed from when he received notice of the summary suspension. From reading section 2—118.1 of the Vehicle Code in its entirety, as we are required (see *Town of Benton*, 195 Ill. App. 3d at 76), it is apparent that the legislature intended rescission hearings to be resolved in an expeditious manner. See *People v. Moore*, 138 Ill. 2d 162, 169 (1990) (noting that the legislature has specifically directed that license suspension proceedings are to be swift and of limited scope). As noted above, if a defendant wishes to challenge his summary suspension, he must do so within 90 days after receiving notice of the summary suspension. 625 ILCS 5/2—118.1(b) (West 2000). If the defendant files a timely petition, the trial court must then conduct a hearing on this petition within 30 days. 625 ILCS 5/2—118.1(b) (West 2000). This hearing is limited to only four specific issues. See 625 ILCS 5/2—118.1(b) (West 2000). The statute further provides that at the conclusion of the hearing, the trial court "shall sustain or rescind the statutory summary suspension and immediately notify the Secretary of State." 625 ILCS 5/2—118.1(b) (West 2000). These rescission proceedings are conducted expeditiously to ensure that the interests of the State and the rights of the defendant are protected. See *Moore*, 138 Ill. 2d at 169. By ensuring that the hearing is conducted promptly, the State can be assured that impaired drivers will be quickly removed from the road. See *Moore*, 138 Ill. 2d at 169. Moreover, through expeditious proceedings, the defendant is afforded due process rights and the opportunity to possibly regain his driving privileges. *Moore*, 138 Ill. 2d at 166-67.

Based on the plain language of the statute, it appears that a defendant could not delay or postpone the rescission hearing for potentially one year by refiling a petition after previously dismissing it. If the defendant could, it would seem to undermine and frustrate the legislative intent of section 2—118.1 of the Vehicle Code that the proceedings be resolved in an expeditious manner. See *Moore*, 138 Ill. 2d at 169.

Nonetheless, we also believe that one could interpret section 2—118.1(b) of the Vehicle Code as allowing one to refile a petition to challenge his summary suspension even though 90 days have lapsed from when he received notice of the summary suspension. As noted above, section 2—118.1(b) of the Vehicle Code also provides that "hearings shall proceed in the court in the same manner as in other civil proceedings." 625 ILCS 5/2—118.1(b) (West 2000). Generally, in other

civil proceedings, after a plaintiff voluntarily dismisses an action, he may commence a new action within one year or within the period of limitation, whichever is greater. See 735 ILCS 5/13—217 (West 2000). By its terms, section 13—217 of the Civil Code itself has broad scope, applying to "any *** act *** where the time for commencing an action is limited." 735 ILCS 5/13—217 (West 2000); see also *Portwood v. Ford Motor Co.*, 292 Ill. App. 3d 478, 486 (1997) ("[T]he plain language of section 13—217 indicates that it is a general, catch-all saving provision; it applies to real estate actions, personal injury actions, or 'any other' action that might be subject to a limitations period"). As such, if the defendant refiles a petition within one year that was originally timely filed, his refiled petition is also timely. Accordingly, because section 2—118.1(b) of the Vehicle Code is capable of two reasonable interpretations on the issue in controversy herein, we must consider the legislative history and the background of the statute for clarification of the legislature's intent in enacting this statute. See *Paciga*, 322 Ill. App. 3d at 161.

We note that whether section 13—217 of the Civil Code applies to a defendant's attempt to refile a section 2—118.1 petition challenging a summary suspension is a matter of first impression. However, the Illinois Appellate Court has previously addressed the timeliness of a petition filed pursuant to section 2—118.1. See *People v. Holmes*, 268 Ill. App. 3d 802 (1994). In *Holmes*, the petitioner filed a petition to rescind his summary suspension more than four years after his driver's license had been summarily suspended. *Holmes*, 268 Ill. App. 3d at 803. The trial court denied the petitioner's request as untimely. *Holmes*, 268 Ill. App. 3d at 804. On appeal, the reviewing court reversed. *Holmes*, 268 Ill. App. 3d at 806. The reviewing court explained that, based on the statute in effect at the time (625 ILCS 5/2—118.1 (West 1992)), there was no time limit within which a petitioner must file his petition to rescind in order to secure a hearing. *Holmes*, 268 Ill. App. 3d at 805. The reviewing court acknowledged that allowing a hearing thwarted the goal of conducting swift proceedings, but it granted a hearing on the grounds that it was required to do so by the plain language of the statute. *Holmes*, 268 Ill. App. 3d at 806. The reviewing court ended by inviting the legislature to address this issue. *Holmes*, 268 Ill. App. 3d at 806.

In 1996, the legislature addressed this issue by enacting Public Act 89—156 (Pub. Act 89—156, eff. January 1, 1996). This legislation added the 90-day filing period to section 2—118.1 of the Vehicle Code. The sponsor of the legislation, Representative Cross, explained the purpose of the legislation:

"[S]omeone had to pick a date and ninety days seemed to be a fair

date. In trying to make sure we have police officers available, to try to make sure that we have police reports available, to make sure that witnesses are available, ninety days seemed to be a fair time frame." 89th Ill. Gen. Assem., House Proceedings, May 15, 1995, at 34 (statements of Representative Cross).

Representative Cross additionally stated:

"[F]or the person that waits and doesn't do anything and maybe waits a year or two years later, when we don't have any witnesses around or the police report is gone or the police officer is retired, then we run the risk of having someone have their summary suspension removed from their driver's license abstract and their DUI or their summary suspension is lifted." 89th Ill. Gen. Assem., House Proceedings, May 15, 1995, at 34-35 (statements of Representative Cross).

■ This legislative background, in conjunction with the relevant case law, reveals that the legislature intended the rescission proceedings to be resolved in an expeditious manner as to both the defendant filing his petition and the trial court conducting the rescission hearing. This legislative history further reveals a concern that, if defendants were allowed to wait more than 90 days before seeking to rescind their suspensions, both witnesses and evidence could be lost. Thus, it is apparent that the legislature was concerned that defendants could have their summary suspensions rescinded merely because they had delayed the proceedings.

Based on this legislative history, it is apparent that the legislature, in an effort to remedy a perceived imperfection in the earlier form of the law, added a requirement to section 2—118.1 that a rescission petition be filed within 90 days of notice of the summary suspension to ensure that the proceedings would be expeditious. The legislature explicitly expressed its concern that justice could be thwarted if a petitioner were allowed to prolong the proceedings by a year or more when evidence might be lost. Yet, if section 13—217 of the Civil Code were to apply to a rescission hearing so as to allow a defendant to re-file a petition beyond the 90-day period prescribed by section 2—118.1 of the Vehicle Code, this is exactly what could happen. By voluntarily dismissing his petition and then not refiling it for potentially a year, a defendant could delay a rescission hearing for more than a year after receiving notice of his summary suspension. Accordingly, in order to give effect to the legislative intent in adding this remedial language, which we must (see *Town of Benton*, 195 Ill. App. 3d at 76), we hold that a defendant may not refile a petition to rescind his summary suspension after 90 days have lapsed from when he received notice of the summary suspension.

■ Turning to the case at bar, the record reveals that the defendant received notice of his summary suspension prior to March 2, 2001. Although he filed a timely petition to rescind his summary suspension, he subsequently voluntarily dismissed his petition. The defendant then failed to refile this petition before the 90-day period mandated by section 2—118.1 of the Vehicle Code expired. Accordingly, the trial court properly dismissed the defendant's petition as untimely.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN, J., concurs.

JUSTICE O'MALLEY, dissenting:

In my view, the majority fails to abide by the norms of statutory construction, which "forbid[ ] a court to canvass legislative history for evidence of legislative intent if the meaning of a provision can be determined from its text." *Nevitt v. Langfelder*, 157 Ill. 2d 116, 134 (1993). I believe the majority unwarrantedly invokes legislative history, complicating what need be nothing more than a straightforward application of a statute's plain text.

The first recourse in statutory construction is the text of the statute. *Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996). If the language of the statute is unambiguous, the court must enforce the law as written, without considering extrinsic aids. *County of Du Page v. Graham*, 109 Ill. 2d 143, 151 (1985). The majority, however, resorts to extrinsic aids before finding an ambiguity in the text of section 2—118.1. In fact, the majority employs the extrinsic aids in finding an ambiguity. The majority claims that the text of section 2—118.1 is susceptible to two conflicting yet reasonable interpretations, one allowing the refiling of petitions beyond the 90-day period, the other not. The latter reading is reasonable, the majority asserts, because:

(1) "From reading section 2—118.1 *** in its entirety ***, it is apparent that the legislature intended rescission hearings to be resolved in an expeditious manner." 339 Ill. App. 3d at 682.

(2) "These rescission proceedings are conducted expeditiously to ensure that the interests of the State and the rights of the defendant are protected." 339 Ill App. 3d at 682.

(3) "By ensuring that the hearing is conducted promptly, the State can be assured that impaired drivers will be quickly removed from the road." 339 Ill. App. 3d at 682.

(4) "Moreover, through expeditious proceedings, the defendant is

afforded due process rights and the opportunity to possibly regain his driving privileges." 339 Ill. App. 3d at 682.

If the majority were following the dictates of statutory construction, it would look only to the text of the statute in deriving these propositions. It does not so confine itself, however, but relies for all four propositions on the supreme court's assertions in *Moore* regarding the purpose of the summary suspension procedure. The issue in *Moore* was whether the results of a hearing on a petition to rescind the summary suspension of driving privileges could have a preclusive effect on similar issues raised in a DUI proceeding. The propositions above are the majority's paraphrases of the following remarks in *Moore*:

(1) "These [summary license suspensions] *** serve the salutary purpose of promptly removing impaired drivers from the road." *Moore*, 138 Ill. 2d at 166.

(2) "To insure that the State has not violated any due process rights a motorist might have in retaining his or her driving privileges until convicted ***, the legislature has also created a mechanism whereby the motorist may file a written petition to rescind the statutory summary suspension of his or her license and receive a hearing." *Moore*, 138 Ill. 2d at 166-67.

(3) "[T]he summary suspension hearing is not part of the criminal process but is, rather, merely an administrative device that is designed to remove impaired drivers from the road promptly." *Moore*, 138 Ill. 2d at 168.

(4) "The legislature has specifically directed that the license suspension proceedings are to be swift and of limited scope." *Moore*, 138 Ill. 2d at 169.

(5) If the findings of the court in summary suspension hearings are given preclusive effect in DUI proceedings, then "[t]he goal of conducting swift hearings for the sole purpose of determining whether a court has sufficient reason to rescind summary suspension of a motorist's driving privileges will be thwarted." *Moore*, 138 Ill. 2d at 169.

Some of these remarks are merely descriptions of the statutory provisions (*e.g.*, section 2—118.1 permits a driver to petition for rescission), while others are statements of legislative intent and purpose, glosses that go beyond the plain text of the statute (*e.g.*, the implied consent law serves the "salutary purpose" of removing impaired drivers from the roadways).[1] While *Moore* rightly invoked legislative intent because the question it faced was not answered by the text of section

---

[1]*Moore* cites no authority supporting its assertions regarding the legislature's purpose. I have found no such authority. For instance, it is not clear where in section 2—118.1 or elsewhere in the Vehicle Code the legislature

2—118.1, but required an understanding of the text's purpose, the question *sub judice* is answered decisively by a plain reading of section 2—118.1 and the savings provision of section 13—217.

The Code of Civil Procedure applies in all matters of procedure not controlled by other statutes. 735 ILCS 5/1—108(b) (West 2000). By its terms, section 13—217 of the Civil Code itself has broad scope, applying to "any *** act *** where the time for commencing an action is limited." 735 ILCS 5/13—217 (West 2000); see also *Portwood*, 292 Ill. App. 3d at 486 ("[T]he plain language of section 13—217 indicates that it is a general, catch-all saving provision; it applies to real estate actions, personal injury actions, or 'any other' action that might be subject to a limitations period"); *In re Estate of Breault*, 113 Ill. App. 2d 356, 361 (1969) (phrase "to any other act" indicates that section 13—217 applies to all civil actions authorized by any statute that limits the time for commencing an action). Although the application of section 13—217 to section 2—118.1 is a question of first impression in Illinois, precedents provide some firm guidance. The savings provisions of section 13—217 and its predecessors have been held to apply to a variety of causes of action whose authorizing statutes specify time limitations on the initial filing of a claim but do not suggest any such limitations on the refiling of a claim. See, *e.g.*, *Winger v. Franciscan Medical Center*, 299 Ill. App. 3d 364, 369 (1998) (claims under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1996))); *People ex rel. L'Minggio v. Parker*, 65 Ill. App. 3d 296, 298 (1978) (claims under the Paternity Act (Ill. Rev. Stat. 1975, ch. 106 3/4, par. 51 *et seq.*) (replaced by the Illinois Parentage Act (Ill. Rev. Stat. 1987, ch. 40, par. 1451 *et seq.*)) (now 750 ILCS 40/1 *et seq.* (West 2000))); *Breault*, 113 Ill. App. 2d at 362 (claims under the Probate Act (Ill. Rev. Stat. 1965, ch. 3, par. 1 *et seq.*) (now 755 ILCS 5/1—1 *et seq.* (West 2000))); but *cf. Portwood v. Ford Motor Co.*, 183 Ill. 2d 459, 468-69 (1998) (section 13—217 not applicable to contract actions under the Uniform Commercial Code (Ill. Rev. Stat. 1991, ch. 26, par. 2—725) (now 810 ILCS 5/2—725 (West 2000))), which contains its own savings provision governing such actions).

It is clear from the comprehensive language of section 13—217 that the legislature intended the savings provision to govern the refil-

---

has "specifically directed that the license suspension proceedings are to be swift and of limited scope." *Moore*, 138 Ill. 2d at 169. I am aware of no such explicit pronouncement. Possibly, the *Moore* court regards the narrow time frames and limited scope of the section 2—118.1 proceeding as an implied direction from the legislature. Or perhaps *Moore* is relying on extratextual authority that it fails to mention.

ing of a petition for a judicial hearing under section 2—118.1(b) that the plaintiff had voluntarily dismissed. Section 2—118.1 contains neither its own savings provision nor any other indication that section 13—217 was not intended to so apply.

Nothing in the text of section 2—118.1 supports the majority's reading. Certainly, the time limits in section 2—118.1 will by force ensure that proceedings under the section are rapid. However, it simply is not apparent from the text of section 2—118.1 that the legislature was so insistent on expediency that it intended to foreclose the application of the savings provision. "There is no rule of construction which allows the court to declare that the legislature did not mean what the plain language of the statute imports." *People v. Woodard*, 175 Ill. 2d 435, 443 (1997). The majority has prematurely invoked extrinsic aids of construction.

However, even if it were appropriate to look beyond the text of section 2—118.1, the majority would still be in error. The short time periods of section 2—118.1 may evince a desire for expediency, but not expediency for expediency's sake. As *Moore* emphasizes, what the legislature sought in enacting the implied consent law was, first, the summary suspension of the driving privileges of an impaired driver, and, second, an expedited judicial determination of whether the suspension was warranted. Swiftness in these two functions serves the dual purposes of insuring public safety (*People v. Hedeen*, 181 Ill. App. 3d 664, 669 (1989)) and protecting the due process rights of a driver whose driving privileges have been summarily suspended (*People v. Ullrich*, 328 Ill. App. 3d 811, 817 (2002)). Neither goal is thwarted if the driver is permitted to withdraw his petition and refile it after the 90-day period: his license remains suspended after he withdraws the petition (hence the public is protected), and the delay caused by the withdrawal is entirely his choice (thus no due process concern).

Therefore, neither the text of the statute nor the intent behind it lends any support to the majority's position.