THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH E. McCLURE, Defendant-Appellant.

Third District    No. 3—04—0401

Opinion filed February 18, 2005.

Kevin F. Sullivan (argued), of Peoria, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (Lawrence M. Bauer and Joe Mikula (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE O'BRIEN delivered the opinion of the court:
Defendant Joseph McClure was arrested and charged with driving

under the influence of alcohol. Because he refused chemical testing, his driver's license was summarily suspended. He timely filed a petition to rescind the summary suspension but then withdrew the petition. Nearly one year later he refiled the petition to rescind his suspension. The trial court dismissed the petition as untimely. McClure appealed. We reverse and hold that a driver who voluntarily withdraws a timely filed petition to rescind a summary suspension may refile the petition within one year after the dismissal pursuant to section 13—217 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/13—217 (West 2002)).

## FACTS

On April 25, 2003, McClure was arrested for driving under the influence (625 ILCS 5/11—501(a)(2) (West Supp. 2003)) and issued notice of summary suspension of his driver's license pursuant to section 11—501.1 of the Illinois Vehicle Code (625 ILCS 5/11—501.1 (West 2002)). He requested a hearing to rescind the summary suspension in June 2003 but voluntarily withdrew the petition in August 2003. In February 2004, McClure pled guilty to reckless driving. On April 1, 2004, he refiled a petition to rescind the summary suspension. The State filed a motion to strike McClure's petition, alleging that the 90-day limit for filing a petition to rescind set forth in section 2—118.1(b) of the Vehicle Code (625 ILCS 5/2—118.1(b) (West 2002)) had expired. In response, McClure argued that because a summary suspension is a civil hearing, it is governed by the Civil Code (735 ILCS 5/1—101 et seq. (West 2002)), which provides, inter alia, that a plaintiff who voluntarily dismisses an action may refile within one year of the dismissal. 735 ILCS 5/13—217 (West 2002). Following a hearing, the trial court granted the State's motion to strike and dismissed as untimely McClure's petition to rescind. He appealed.

## ANALYSIS

On appeal, we consider whether the trial court erred when it dismissed McClure's petition for rescission as untimely. McClure argues that section 13—217 of the Civil Code (735 ILCS 5/13—217 (West 2002)) tolls the time to refile his petition to rescind his summary suspension irrespective of the 90-day limitation set forth in section 2—118.1(b) of the Vehicle Code (625 ILCS 5/2—118.1(b) (West 2002)). Therefore, he contends, the trial court should not have dismissed his petition.

The Vehicle Code requires that a driver's request for a hearing to challenge his summary suspension be made within 90 days of notice of the summary suspension. 625 ILCS 5/2—118.1(b) (West 2002). Section 2—118.1(b) of the Vehicle Code also provides that a rescission hearing

proceed in court "in the same manner as in other civil proceedings." 625 ILCS 5/2—118.1(b) (West 2002). The Civil Code allows actions that have been voluntarily dismissed to be refiled within one year of dismissal or within the remaining period of limitation for that action, whichever is greater. 735 ILCS 5/13—217 (West 2002).

We rely on the rules of statutory interpretation to resolve the seeming incompatibility between the two statutes. The primary goal of statutory construction is to ascertain and give effect to the legislature's intent. *People v. Peco*, 345 Ill. App. 3d 724, 730, 803 N.E.2d 561, 566 (2004). In determining legislative intent, courts first look to the statute itself and interpret it based on its plain and ordinary meaning. *Peco*, 345 Ill. App. 3d at 731, 803 N.E.2d at 566. Where the language is clear and unambiguous, the reviewing court must apply the statute without resort to further aids of statutory construction. *People v. Woodard*, 175 Ill. 2d 435, 443, 677 N.E.2d 935, 939 (1997). Only if the statute is ambiguous may the court look to other sources to ascertain the legislature's intent. *People v. Stipp*, 349 Ill. App. 3d 955, 958, 812 N.E.2d 574, 576 (2004). We review issues of statutory interpretation *de novo*. *People v. Effler*, 349 Ill. App. 3d 217, 218, 811 N.E.2d 291, 292 (2004).

The Second District considered the issue raised by McClure in this appeal as a case of first impression in *People v. Rodriguez*, 339 Ill. App. 3d 677, 791 N.E.2d 707 (2003). The facts in *Rodriguez* are similar to the facts in the instant case. Rodriguez was stopped in his vehicle for erratic driving, refused to submit to chemical testing, and had his license summarily suspended. *Rodriguez*, 339 Ill. App. 3d at 680, 791 N.E.2d at 708. He filed a petition to rescind the suspension within the 90-day limit mandated by the Vehicle Code but thereafter withdrew the petition. *Rodriguez*, 339 Ill. App. 3d at 680, 791 N.E.2d at 708. He later refiled his petition after the 90-day period had expired, claiming, as does McClure, that section 13—217 of the Civil Code allowed him one year after voluntary dismissal to refile his petition. *Rodriguez*, 339 Ill. App. 3d at 680, 791 N.E.2d at 708-09. The trial court disagreed and granted the State's motion to dismiss Rodriguez's petition to rescind. *Rodriguez*, 339 Ill. App. 3d at 680, 791 N.E.2d at 709. The *Rodriguez* court concluded that section 2—118.1 was ambiguous because it could be interpreted as mandating a 90-day refiling limit or as allowing a driver who voluntarily dismissed his petition for rescission to refile within a one-year period after the dismissal as allowed by the Civil Code. *Rodriguez*, 339 Ill. App. 3d at 682-83, 791 N.E.2d at 710-11. Accordingly, the court looked at the legislative history of section 2—118.1 to resolve the ambiguity. *Rodriguez*, 339 Ill. App. 3d at 682-84, 791 N.E.2d at 710-12.

We disagree that the statute is ambiguous and reject the findings of the *Rodriguez* court that the statute prohibits a petition for rescission to be refiled after 90 days. The plain language of the statute provides a 90-day limit for the initial filing of a petition to rescind. Section 2—118.1(b) is silent as to whether a defendant may refile a voluntarily dismissed petition, and if he may, how long he has to refile it. However, the statute provides that a rescission hearing is to advance as other civil proceedings; thus, the Civil Code governs the time limit for refiling the petition. Under the Civil Code, a party who has voluntarily dismissed his action has one year to refile that action. 735 ILCS 5/13—217 (West 2002). A catchall savings clause, section 13—217 has broad scope and applies to any act with a limited time to commence an action. *Portwood v. Ford Motor Co.*, 292 Ill. App. 3d 478, 486, 685 N.E.2d 941, 946 (1997). Contrary to the *Rodriguez* court's determination that the two provisions are incompatible and therefore ambiguous, construed as a whole, the statute mandates a 90-day limit for the initial filing of a petition to rescind and allows one year after a voluntary dismissal for a petition to be refiled. Further supporting this interpretation are the various cases noted in the dissenting opinion in *Rodriguez* wherein courts have held that section 13—217 applied to various causes of action whose statutes specify a time limitation on initial filings but not on refilings. See *Rodriguez*, 339 Ill. App. 3d at 687, 791 N.E.2d at 714-15 (O'Malley, J., dissenting) (and cases cited therein).

There is no language in section 2—118.1 from which it may be inferred that the savings section of section 13—217 does not apply. The legislature had the opportunity to include such limiting language when it amended the statute after this court's decision in *People v. Holmes*, 268 Ill. App. 3d 802, 805-06, 644 N.E.2d 1, 3 (1994), where we held that a petitioner could file a rescission petition nearly four years after his license had been summarily suspended because the statute contained no time limit to request a rescission. Thereafter, the legislature added the 90-day limit for filing a petition to rescind but left unaltered the phrase referencing the Civil Code. *Rodriguez*, 339 Ill. App. 3d at 683, 791 N.E.2d at 712. Had the legislature intended the 90-day time limit to apply to refilings, it would have so stated. See *People v. Ullrich*, 328 Ill. App. 3d 811, 831, 767 N.E.2d 411, 428 (2002) (Greiman, J., dissenting). It is contrary to the rules of statutory construction for a court to determine that the legislature did not intend what a statute's plain language imports. *People v. Woodard*, 175 Ill. 2d 435, 443, 677 N.E.2d 935, 939 (1997). Where a statute is clear and unambiguous, a court may not depart from its plain language and read into it exceptions, limitations, or conditions that the

legislature did not declare. *Woodard*, 175 Ill. 2d at 443, 677 N.E.2d at 939. We believe that the *Rodriguez* court mistakenly construed the statute as ambiguous, looking to its legislative history to support its assertion that the legislature intended the 90-day limit to apply to refilings.

Pursuant to our plain reading of section 2—118.1 of the Vehicle Code (625 ILCS 5/2—118.1 (West 2002)), a driver who timely files a petition for rehearing within the 90-day limit and then voluntarily withdraws the petition may refile the petition within the one-year period provided in section 13—217 of the Civil Code (735 ILCS 5/13—217 (West 2002)). Our interpretation of the statute does not thwart the statute's goals. The driver is provided due process protection in that he is allowed to request a hearing for the determination of whether the State had sufficient grounds to suspend his license. *Holmes*, 268 Ill. App. 3d at 806, 644 N.E.2d at 3. The State's objective in keeping allegedly intoxicated drivers off the road is satisfied in that the driver's license is still summarily suspended and the driver remains without his driving privileges pending the outcome of the rescission hearing. *Rodriguez*, 339 Ill. App. 3d at 688, 791 N.E.2d at 715 (O'Malley, J., dissenting).

The record in the instant case reveals that McClure was issued notice of summary suspension on April 25, 2003, and timely filed a petition to rescind on June 19, 2003. He withdrew his petition on August 26, 2003 and refiled the petition on April 1, 2004. Because McClure timely refiled his petition within a year of his voluntary dismissal, pursuant to section 13—217 of the Civil Code, we hold that the trial court erred when it dismissed as untimely his petition for rescission.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HOLDRIDGE and McDADE, JJ., concur.