Docket No. 100321.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v.
JOSEPH E. McCLURE, Appellee.

*Opinion filed January 20, 2006.*

JUSTICE FITZGERALD delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, McMorrow, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

The central issue before us is whether the savings provision set forth in section 13–217 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/13–217 (West 2002)) serves to toll the limitations period set forth in section 2–118.1(b) of the Illinois Vehicle Code (625 ILCS 5/2–118.1(b) (West 2002)), such that a driver who voluntarily withdraws a petition to rescind a statutory summary suspension of a driver's license may refile the petition within one year. We allowed the State's petition for leave to appeal after the appellate court reversed the circuit court of Tazewell County's judgment and determined that section 13–217 of the Code of Civil Procedure tolled the limitations period of section 2–118.1(b) of the Vehicle Code. 355 Ill. App. 3d 778. For the reasons that follow, we affirm the judgment

of the appellate court.

## BACKGROUND

On April 25, 2003, defendant was arrested for driving under the influence (DUI) under section 11–501(a)(2) of the Vehicle Code (625 ILCS 5/11–501(a)(2) (West 2002)). As mandated by statute, defendant's driver's license was summarily suspended due to his failure to submit to chemical testing. See 625 ILCS 5/11–501.1 (West 2002). On June 19, 2003, defendant filed a "Request for Hearing," under section 2–118.1(b) of the Vehicle Code. See 625 ILCS 5/2–118.1(b) (West 2002). The matter was set for hearing, and continued twice by agreement of the parties. A hearing did not commence, however, because defendant withdrew his petition to rescind on August 26, 2003.

The charge of DUI was ultimately amended to reckless driving, and defendant pleaded guilty to that offense on February 24, 2004. He was sentenced to two days in the county jail, one year of probation, and ordered to pay a $1,000 fine.

Defendant thereafter filed a second petition to rescind his statutory summary suspension on April 1, 2004, nearly one year after his arrest and more than seven months since withdrawing his first petition. In his second petition, defendant asserted that the withdrawal of his initial petition was tantamount to a voluntary dismissal contemplated by section 13–217 of the Code of Civil Procedure and, therefore, under that statute, he had one year to refile his petition. The State moved to strike defendant's petition as untimely. In its motion to strike, the State relied on the appellate court's decision in *People v. Rodriguez*, 339 Ill. App. 3d 677 (2003). The trial court in the instant case noted that it was bound by the *Rodriguez* holding, as it was the only case that had yet to decide the issue, and accordingly struck defendant's petition as untimely.

Defendant appealed, and the appellate court reversed the trial court's judgment, declining to follow the Second District's opinion in *Rodriguez*. The appellate court disagreed with the *Rodriguez* court's determination that section 2–118.1(b) was ambiguous, and held that the plain language of the statute, when construed as a whole, requires an initial petition to rescind to be filed within the 90-day time limit, and likewise allows refiling of a voluntarily dismissed petition within

one year. 355 Ill. App. 3d at 781. We allowed the State's petition for leave to appeal. 177 Ill. 2d R. 315(a). For the reasons that follow, we affirm the judgment of the appellate court.

ANALYSIS

Section 11–501 of the Vehicle Code (625 ILCS 5/11–501 (West 2002)) prohibits motorists in this state from driving under the influence of alcohol or drugs. In addition to criminal sanctions, motorists arrested for DUI are subject to suspension of their driving privileges. 625 ILCS 5/11–501.1 (West 2002). Any person driving on a public roadway in Illinois who is arrested for DUI is deemed to have given implied consent to blood, breath or urine testing to determine whether the motorist is under the influence of an intoxicant. 625 ILCS 5/11–501.1(a) (West 2002). Section 11–501.1 of the Vehicle Code authorizes the Secretary of State to summarily suspend the driver's license of any motorist arrested for DUI who refuses to submit to chemical testing, tests above the legal alcohol concentration limit, or tests positive for an intoxicating substance. 625 ILCS 5/11–501.1(d) (West 2002). The statutory summary suspension takes effect on the forty-sixth day after the motorist receives notice of the suspension. 625 ILCS 5/11–501.1(g) (West 2002). We have previously stated that the issuance of a statutory summary suspension protects the public from impaired drivers and swiftly removes them from our roadways. *People v. Moore*, 138 Ill. 2d 162, 166 (1990); *People v. Schaefer*, 154 Ill. 2d 250, 255 (1993).

Although motorists arrested for DUI are immediately subject to the statutory summary suspension of their drivers' licenses, they are not left without recourse. Indeed, section 2–118.1(b) of the Vehicle Code allows motorists to contest their suspensions. 625 ILCS 5/2–118.1(b) (West 2002). Section 2–118.1(b) provides:

"Within 90 days after the notice of a statutory summary suspension served under Section 11–501.1 [625 ILCS 5/11–501.1], the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of a written request or the first appearance date on the Uniform Traffic Ticket issued

pursuant to a violation of Section 11–501 [625 ILCS 5/11–501], or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request, or process shall not stay or delay the statutory summary suspension. The hearings shall proceed in the court in the same manner as in other civil proceedings." 625 ILCS 5/2–118.1(b) (West 2002).

The petition filed by the motorist must state grounds upon which the summary suspension should be lifted. *Schaeffer*, 154 Ill. 2d at 257. The issues considered in the hearing are limited to: (a) whether the motorist was lawfully arrested under section 11–501 of the Vehicle Code; (b) whether the arresting officer had reasonable grounds to believe that the motorist was under the influence of alcohol, drugs or both; (c) whether the motorist refused to submit to chemical testing after being advised that such refusal would result in a statutory summary suspension of driving privileges; and (d) whether the motorist submitted to chemical testing and failed the test. 625 ILCS 5/2–118.1(b) (West 2002). The motorist bears the burden of establishing a *prima facie* case for rescission. *People v. Cosenza*, 215 Ill. 2d 308, 313 (2005). Once a *prima facie* case is established, the burden shifts to the State to present evidence justifying the suspension. *Cosenza*, 215 Ill. 2d at 313.

It is within this framework that we now consider whether a petition to rescind a statutory summary suspension refiled after the 90-day period set forth in section 2–118.1(b), in reliance on the one-year savings clause set forth in section 13–217 of the Code of Civil Procedure, is untimely and subject to dismissal. As this issue is purely a question of law, we review it *de novo*. *People v. Ramirez*, 214 Ill. 2d 176, 179 (2005).

The State asserts that the appellate court erred in ruling that defendant's rescission petition was improperly dismissed as untimely. The State argues that an ambiguity exists in section 2–118.1(b) of the Vehicle Code such that the statute can be construed to preclude the refiling of a rescission petition beyond the 90-day limitations period and can simultaneously be construed to authorize the refiling of a rescission petition after the 90 days have lapsed. The State urges that this ambiguity compels us to look outside the plain language of the statute and consider legislative history. In that regard, the State

contends that the legislature did not intend for the Code of Civil Procedure's savings clause to be applied to section 2–118.1(b) of the Vehicle Code.

Defendant counters that the plain language of section 2–118.1(b) is clear and unambiguous. Defendant maintains that this court is bound by the statutory language and need not resort to further aids of statutory construction. Relying on this premise, along with the appellate court's holding in the instant case, defendant posits that the plain language of the statute states that rescission hearings are civil in nature and, consequently, are subject to the provisions of the Code of Civil Procedure, including the one-year savings clause set forth in section 13–217. Thus, defendant contends that his rescission petition was timely filed and improperly dismissed.

The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Donoho*, 204 Ill. 2d 159, 171 (2003). The best evidence of legislative intent is the language of the statute. *People v. Martinez*, 184 Ill. 2d 547, 550 (1998). When possible, the court should interpret the language of a statute according to its plain and ordinary meaning. *Donoho*, 204 Ill. 2d at 171. If intent can be determined from the plain language of the statute, there is no need to resort to interpretive aides. *People v. Roberts*, 214 Ill. 2d 106, 116 (2005). Courts are to construe the statute as a whole, so that no part of it is rendered meaningless or superfluous. *People v. Jones*, 214 Ill. 2d 187, 193 (2005). A court should not depart from the language of the statute by reading into it exceptions, limitations, or conditions that conflict with the intent of the legislature. *Martinez*, 184 Ill. 2d at 550.

In light of these rules of statutory construction, we find that defendant's petition to rescind his statutory summary suspension was timely filed under section 13–217 of the Code of Civil Procedure and, therefore, should not have been stricken and dismissed by the trial court. As the State posits, the plain language of section 2–118.1(b) requires that an individual contesting a statutory summary suspension file a written request to obtain a hearing within 90 days of receiving notice of the summary suspension. The plain language, however, also dictates that summary suspension proceedings "shall proceed in the court in the same manner as in other civil proceedings." The use of the word "shall" evinces the legislature's intent to impose a

mandatory obligation. See *People v. Robinson*, 217 Ill. 2d 43, 53-54 (2005). Thus, under the plain language of the statute, the legislature mandated that summary suspension hearings are civil in nature and, accordingly, must be subject to the provisions of the Code of Civil Procedure. See *People v. Kaegebein*, 137 Ill. App. 3d 837, 839 (1985) (explicitly stating that "the Illinois Code of Civil Procedure *** is applicable to implied consent proceedings").

Our holding is consistent with previous holdings of this court and the courts below. In *People v. Orth*, 124 Ill. 2d 326, 337 (1988), we emphasized that summary suspensions are civil in nature, and held that civil rules of procedure apply. In accordance with those rules, we found that a plaintiff-motorist who is requesting judicial rescission of a summary suspension should bear the burden of proof. *Orth*, 124 Ill. 2d at 337-38. Likewise, in *People v. Gerke*, 123 Ill. 2d 85, 93 (1988), we recognized that:

> "The statutory language very clearly indicates the civil nature of the summary suspension/implied consent hearing ***. ***
>
> Additionally, the appellate court has consistently recognized this statutory intent by holding that the summary suspension hearing is a civil proceeding separate and apart from the criminal action of driving under the influence of alcohol. [Citations.] We agree with these decisions ***."

Notably, the *Gerke* court cited approvingly to the appellate court case of *People v. Kaegebein*, 137 Ill. App. 3d at 839, which explicitly stated that summary suspension/implied consent hearings are subject to the rules of civil procedure. *Gerke*, 123 Ill. 2d at 93.

Notwithstanding the plain language of section 2–118.1(b), and the decisions of this court and the courts below, the State asserts that statutory summary suspension hearings are not necessarily subject to the rules and procedures of the Code of Civil Procedure. Specifically, the State maintains that the language referring to "civil proceedings" in section 2–118.1(b) could reasonably be interpreted to refer to the conduct of the hearing, in terms of burden of proof and evidentiary issues, but not address time limitations. The State, however, points to no basis for this limitation in the language of the statute. We reject the State's interpretation. To do otherwise would require us to read exceptions, limitations, or conditions into the statute which depart

from its plain meaning. *Martinez*, 184 Ill. 2d at 550. Nothing in the language of the statute suggests that the legislature intended the application of some civil rules and not others.

The State nevertheless maintains that their position in this regard is supported by the appellate court's decision in *People v. Farrell*, 158 Ill. App. 3d 690, 691-92 (1987). According to the State, the *Farrell* court held that the verification rules of civil procedure set forth in 1–109 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1–109) did not apply to rescission hearings. We disagree with the State's interpretation of *Farrell*. Section 11–501.1(d) of the Vehicle Code requires a police officer to submit a sworn report detailing a motorist's refusal to submit to chemical testing in order for the summary suspension process to be initiated by the Secretary of State. See 625 ILCS 5/11–501.1(d) (West 2002). In *Farrell*, the officer failed to swear to the report. Prior to the summary suspension hearing, the State attempted to amend the report by adding a certification as provided in section 1–109 of the Code of Civil Procedure. The appellate court concluded that such an amendment violated the defendant's due process rights. Specifically, the court stated, "[a]lthough summary suspension hearings are civil in nature [citation], allowing the State to amend the report under civil procedure rules will not cure the deficiencies in the unsworn report. The summary suspension scheme must pass muster under the due process provisions of the Illinois and United States constitutions." *Farrell*, 158 Ill. App. 3d at 692. The court's rejection of the civil rule was entirely based on due process considerations; it did not result from the court's determination that rules of civil procedure do not apply to the Vehicle Code. See *People v. Sargeant*, 165 Ill. App. 3d 10, 13 (1987) (noting that *Farrell* "rejected *on due process grounds* the State's attempt to amend the language of the report" (emphasis added)).

The State further posits that the legislature could not have intended for the rules of civil procedure to apply with respect to section 2–118.1(b), because this interpretation would eradicate the need for procedural requirements in the Vehicle Code and would require that all cases falling under the Vehicle Code be conducted according to the procedures mandated under the Code of Civil Procedure. We once again reject the State's assertion, as it construes the statute far beyond the reaches of its language. The plain language

of section 2–118.1(b) refers to rescission hearings alone, as civil proceedings necessarily subject to the Code of Civil Procedure. The statute cannot reasonably be construed to extend to all matters proceeding under the Vehicle Code. The State's claim in this regard is meritless.

The State next asserts that rescission proceedings are not civil actions but, instead, are administrative proceedings and, therefore, are not entirely subject to the provisions of the Code of Civil Procedure. In support of its position, the State points to this court's decision in *People v. Moore*, 138 Ill. 2d 162, 166 (1990), along with several appellate court decisions. See, *e.g.*, *People v. Ullrich*, 328 Ill. App. 3d 811, 816-18 (2002); *People v. Flynn*, 197 Ill. App. 3d 13, 17 (1990); *People v. Filitti*, 190 Ill. App. 3d 884, 886 (1989); *People v. Stice*, 168 Ill. App. 3d 662, 664 (1988). According to the State, these cases classify summary suspension hearings as "administrative proceedings." We reject the State's interpretation of these cases. Initially, we note that the cases cited by the State do not even consider whether proceedings arising under section 2–118.1(b) are administrative proceedings as opposed to civil proceedings. Rather, these cases address whether the doctrine of collateral estoppel prohibits relitigation of issues in criminal proceedings which were previously addressed at a summary suspension hearing.

In *Moore*, we unequivocally stated that summary suspension hearings are "civil in nature." *Moore*, 138 Ill. 2d at 167. We further explained that summary suspension hearings cannot be construed as part of a defendant's criminal trial, as they are "merely an *administrative device* at the disposal of the defendant in which the defendant can halt the otherwise automatic suspension of his driving privileges." (Emphasis added.) *Moore*, 138 Ill. 2d at 170. *Moore*, and the other cases cited by the State, discuss summary suspension hearings as "administrative" by analogy, as an aid in their respective collateral estoppel analyses, and generally agree that summary suspension is an administrative function of the Secretary of State. These cases do not suggest that proceedings arising under section 2–118.1 of the Vehicle Code are not civil in nature. We agree that statutory summary suspension is an administrative function of the Secretary of State. *Gerke*, 123 Ill. 2d at 93; *Schaefer*, 154 Ill. 2d at 256. That being said, we find that hearings occurring as a result of these statutory summary suspensions are civil proceedings subject to

the rules of the Code of Civil Procedure pursuant to the plain language of section 2–118.1 of the Vehicle Code. *Gerke*, 123 Ill. 2d at 93; *Moore*, 138 Ill. 2d at 167; *Schaefer*, 154 Ill. 2d at 257; *People v. Smith*, 172 Ill. 2d 289, 295 (1996).

We note that the legislature amended section 2–118.1 of the Vehicle Code after the appellate court's decision in *People v. Holmes*, 268 Ill. App. 3d 802 (1994). In that case, the defendant filed a petition to rescind his statutory summary suspension four years after receiving notice of the suspension. The trial court dismissed his petition as untimely and he appealed. The appellate court stated that the plain language of section 2–118.1 did not state a time limit for filing rescission petitions. Thus, the appellate court reversed the dismissal of the defendant's claim. In doing so, the court acknowledged that its judgment "contravenes to some extent the spirit and purpose behind section 2–118.1" and "thwarts the goal of conducting swift proceedings" under the statute. *Holmes*, 268 Ill. App. 3d at 805-06. Nevertheless, the court maintained that it was bound by the plain language of the statute. The court then invited the legislature to address the time limitation issue, and the legislature responded in 1996 by enacting Public Act 89–156, which added the 90-day limitations period now contained in section 2–118.1. See *Rodriguez*, 339 Ill. App. 3d at 683, citing Pub. Act 89–156, eff. January 1, 1996.

As the appellate court pointed out in the instant case, upon adding the 90-day limitations period, the legislature had the opportunity to delete the portion of section 2–118.1 which stated that actions brought under the statute "shall proceed in the court in the same manner as in other civil proceedings." The legislature, however, left this portion of the statute intact. We cannot conclude that the legislature left this language in the statute, but did not intend its plain meaning.

The State asserts that the plain language of the statute does not support this finding, as the statute is ambiguous. In support, the State relies on *People v. Rodriguez*, 339 Ill. App. 3d 677 (2003). There, the trial court dismissed the defendant's rescission petition as untimely after the defendant filed the petition within the 90-day limitations period, withdrew it, and then filed it again four months later. On appeal, the defendant asserted that the 90-day limitations period was

tolled by the savings provision of the Code of Civil Procedure. The *Rodriguez* court rejected this claim, reasoning that section 2–118.1 of the Vehicle Code was ambiguous, as it could be interpreted to require filing of a rescission petition within 90 days, but could also be interpreted to embrace the one-year savings provision of the Code of Civil Procedure. *Rodriguez*, 339 Ill. App. 3d at 682. Looking to legislative history, the *Rodriguez* court determined that the legislature intended for summary suspension hearings to be conducted in an expeditious manner to prevent the loss of evidence and witnesses, and ultimately prevent defendants from circumventing justice through delay. *Rodriguez*, 339 Ill. App. 3d at 684. On that basis, the court determined that the defendant's petition to rescind was untimely and properly dismissed. *Rodriguez*, 339 Ill. App. 3d at 684-85.

We do not find that an ambiguity exists in section 2–118.1(b), and thus overrule *Rodriguez*. The fact that the statute contemplates both a limitations period and a savings clause does not render it ambiguous. Indeed, these provisions are not mutually exclusive: a limitations period and a savings clause can exist simultaneously without creating a contradiction. We nevertheless recognize, as we have in the past, that "[t]he legislature has specifically directed that the license suspension proceedings are to be swift and of limited scope." *Moore*, 138 Ill. 2d at 169. We also recognize that the legislature has an interest in ensuring that these proceedings are swift to prevent injustices which may result from the loss of witnesses or documents, thereby allowing unsafe drivers to regain their driving privileges and threaten the safety of the citizens of our state. See *Rodriguez*, 339 Ill. App. 3d at 684, citing 89th Ill. Gen. Assem., House Proceedings, May 15, 1995, at 34 (statements of Representative Cross). While allowing motorists to withdraw rescission petitions only to refile them months later pursuant to section 13–217 of the Code of Civil Procedure appears to thwart this goal, we nevertheless are bound by the language of the statute. We cannot, "under the guise of statutory interpretation, *** 'correct' an apparent legislative oversight by rewriting a statute in a manner inconsistent with its clear and unambiguous language." *People v. Pullen*, 192 Ill. 2d 36, 42 (2000). We do, however, invite the legislature to address this issue if it is so inclined.

We now turn to the State's alternative argument. The State maintains that we should reverse the appellate court's decision, as

defendant's petition to rescind his summary suspension should have been barred by the doctrine of *laches*. In support of this position, the State cites to the dissent in *People v. Holmes*, 268 Ill. App. 3d at 806-07 (McCuskey, J., dissenting). As previously discussed, in *Holmes*, the appellate court determined that the plain language of section 2–118.1 did not state a time limit for the filing of rescission petitions, and thus concluded that the defendant could file his petition four years after receiving notice of his statutory summary suspension. *Holmes*, 268 Ill. App. 3d at 805-06. The dissent, however, would have held that the defendant's petition to rescind was barred by *laches*, as the defendant's four-year delay in filing demonstrated a lack of diligence which prejudiced the State's ability to respond to the allegations in the petition. *Holmes*, 268 Ill. App. 3d at 807.

The *laches* doctrine bars claims by those who neglect their rights to the detriment of others. *People v. Wells*, 182 Ill. 2d 471, 490 (1998) . Application of the *laches* doctrine requires a showing of lack of due diligence by the party asserting the claim and prejudice to the opposing party. *Wells*, 182 Ill. 2d at 490. We decline to apply the *laches* doctrine in this case because the elements necessary for a finding of *laches* are not met by the facts before us. First, we cannot say that defendant demonstrated a lack of diligence where he filed his petition to rescind in a timely manner based on the language of section 2–118.1 of the Vehicle Code, which encompasses the savings provision of the Code of Civil Procedure. Furthermore, while we believe the State could ultimately be prejudiced in situations such as the one presently before us, there is no evidence in the record demonstrating that the State was prejudiced in this case. Accordingly, the *laches* doctrine is inapplicable.

## CONCLUSION

For the foregoing reasons, we conclude that defendant's petition to rescind his statutory summary suspension was improperly dismissed as untimely. We therefore affirm the judgment of the appellate court reversing the trial court's judgment and remanding the matter for further proceedings.

*Affirmed.*