**DANA CORPORATION,**
Plaintiff/Appellee,

v.

**NOK, INC., Defendant/Appellant.**

No. 88–1461.

United States Court of Appeals,
Federal Circuit.

Aug. 14, 1989.

Ernie L. Brooks, of Brooks & Kushman, Southfield, Michigan, argued for plain-tiff/appellee. With him on the brief was Kevin J. Heini.

Owen E. Perry, of Reising, Ethington, Barnard, Perry & Milton, Troy, Mich., argued for defendant/appellant. With him on the brief was Jeanne–Marie Buiteweg.

Before ARCHER, MAYER and MICHEL, Circuit Judges.

ARCHER, Circuit Judge.

NOK, Inc. (NOK) appeals from the judgment of the United States District Court for the Eastern District of Michigan holding that U.S. Patent 3,498,621 is not invalid or unenforceable and is infringed. *Dana Corp. v. NOK, Inc.,* 7 USPQ2d 1827 (S.D. Mich.1988). We reverse the district court's validity determination and remand for further proceedings.

## Background

The '621 patent, entitled "Valve Stem Seal," issued to R.R. Wilson in 1970 and was assigned to Dana Corporation (Dana). Dana sued NOK for infringement of the '621 patent. NOK's defense was that the '621 patent was unenforceable due to inequitable conduct before the United States Patent and Trademark Office and that it was invalid for failure to comply with the best mode requirement of 35 U.S.C. § 112 (1982).

In a separate action in the same court, Dana sued IPC Ltd. Partnership for infringement of the '621 patent. In that case the patent was similarly found not invalid and infringed. We reversed the validity holding of the district court, *Dana Corp. v. IPC Ltd. Partnership,* 860 F.2d 415, 8 USPQ2d 1692 (Fed.Cir.1988), *rev'g* 5 USPQ2d 1535 (E.D.Mich.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 2068, 104 L.Ed.2d 633 (1989), because the '621 patent failed to comply with the section 112 best mode requirement. The district court's decision in *IPC* was issued before the beginning of the trial of this case in the district court and we reversed the *IPC* decision during briefing for this appeal.

## ISSUE

Does the holding of invalidity of the '621 patent in the *IPC* litigation collaterally estop Dana from asserting in this litigation that that patent is valid?

## OPINION

### I

■ NOK cites *Blonder–Tongue Laboratories, Inc. v. University of Illinois Found.*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788, 169 USPQ 513 (1971), in support of its collateral estoppel argument that the determination of invalidity of the '621 patent by this court in the *IPC* appeal requires reversal of the district court's decision to the contrary in the case *sub judice.* Dana argues that the application of *Blonder–Tongue* should be limited to situations in which invalidity is decided in another case and that determination occurs before the trial court's decision in the case in which collateral estoppel is raised. It contends that collateral estoppel should not be applied when the invalidity determination occurs during the pendency of the appeal in the latter case. Dana's position is supported by neither logic nor authority.

In *Blonder–Tongue,* the Supreme Court reversed the rule previously enunciated in *Triplett v. Lowell,* 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949 (1936), and held that *Triplett* is "overruled to the extent it forecloses a plea of estoppel by one facing a charge of infringement of a patent that has once been declared invalid." 402 U.S. at 350, 91 S.Ct. at 1453, 169 USPQ at 527. Among the reasons leading the Court to this holding were the expense and complexity of patent litigation, *id.* at 334–38, 91

S.Ct. at 1445–48, 169 USPQ at 521–23, and the need for judicial economy. *Id.* at 348–49, 91 S.Ct. at 1452–53, 169 USPQ at 527. In view of these expressed concerns, we see no reason why estoppel cannot be raised during the pendency of an appeal. The salutary aspects of collateral estoppel will still obtain, albeit to a lesser degree, when estoppel is permitted in the circumstances here present to be raised for the first time on appeal.

Nothing in *Blonder–Tongue* indicates that timing of the decision giving rise to estoppel is critical or that the plea of that defense cannot thereafter be timely made at any stage of the affected proceedings. Thus, we see no reason for declining to permit estoppel to be raised in this case.[1] *See Thompson–Hayward Chem. Co. v. Rohm and Haas Co.,* 745 F.2d 27, 223 USPQ 690 (Fed.Cir.1984).

The Supreme Court explained in *Blonder–Tongue* that it was not suggesting "that a plea of estoppel by an infringement or royalty suit defendant must automatically be accepted." 402 U.S. at 332–33, 91 S.Ct. at 1445, 169 USPQ at 521. Rather, the Supreme Court's decision permits "patentee-plaintiff ... to demonstrate, if he can, that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time.'" 402 U.S. at 333, 91 S.Ct. at 1445, 169 USPQ at 521 (quoting *Eisel v. Columbia Packing Co.,* 181 F.Supp. 298, 301 (Mass.1960)). The Court opined that this "requirement of determining whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate is a most significant safeguard." 402 U.S. at 329, 91 S.Ct. at 1443, 169 USPQ at 520.

---

1. Dana's contention that *Thompson–Hayward Chem. Co. v. Rohm and Haas Co.,* 745 F.2d 27, 223 USPQ 690 (Fed.Cir.1984), precludes the application of collateral estoppel under the circumstances in this case is without merit. In that case this court *applied* collateral estoppel when the issue was first raised on appeal in circumstances less compelling than here. The issue in *Thompson–Hayward* went to whether collateral estoppel could apply when the grounds for invalidity in the first suit were not raised at trial in the second suit. *Id.* at 32, 223 USPQ at 694. The *Thompson–Hayward* court

noted that "the general proposition that conceded or unappealed issues are not reviewable" counseled in favor of not applying collateral estoppel, but it nonetheless held that collateral estoppel would apply because of "the strong public interest in not countenancing fraud in the PTO" which made the patent unenforceable. *Id.* at 32, 223 USPQ at 694. The concerns regarding conceded or unappealed issues in *Thompson–Hayward* are inapplicable here, because the best mode defense was raised in the district court.

Because the invalidity decision in the *IPC* litigation was issued during the briefing for the appeal in this litigation, NOK first raised estoppel in its reply brief. The parties addressed the issue at oral argument, during which Dana's counsel asserted that collateral estoppel should not be applied against Dana to defeat its infringement claim against NOK based on invalidity of the '621 patent. After oral argument, this court ordered the parties to file supplemental briefs on that issue. Dana was required to address "its position that collateral estoppel should not be applied to this case and the related question of the propriety of this court, in the first instance, making that determination."

In response to this order, Dana filed a supplemental brief arguing only that *"Blonder–Tongue* does not apply to appeals." As to whether a remand is necessary, Dana answered: "No. . . . There was not, and is not, any estoppel issue for the trial court." Dana did allege, however, that "the NOK record differs materially from the findings of this court that led to the IPC reversal" and that "the differences between the NOK record and this court's IPC findings lead to different results."

■ *"Res judicata* and collateral estoppel are affirmative defenses that must be pleaded. Fed.Rule Civ.Proc. 8(c)." *Blonder–Tongue,* 402 U.S. at 350, 91 S.Ct. at 1453, 169 USPQ at 527. A remand is unnecessary here, however, because Dana does not seek to "supplement the record with any evidence showing why an estoppel should not be imposed in this case[,]" *id.,* 402 U.S. at 350, 91 S.Ct. at 1454, 16 USPQ at 528; indeed, it asserts that there is no "estoppel issue for the trial court."

■ Even assuming that the *NOK* and *IPC* records differ materially, this alone will not defeat the application of collateral estoppel. The party opposing a plea of estoppel must establish that it did not have a full and fair opportunity to litigate; it must demonstrate that "without fault of his own the patentee was deprived of crucial evidence or witnesses in the first litigation." 402 U.S. at 333, 91 S.Ct. at 1445, 169 USPQ at 521. The most Dana has asserted here is that it had evidence to rebut or counter the evidence on which invalidity was based but that this evidence was not presented by Dana in the *IPC* litigation. There is no indication that such evidence was then not in existence or was otherwise not available to Dana through no fault of its own.[2] Accordingly, Dana cannot argue that it did not have a full and fair opportunity to litigate the validity of the '621 patent in the *IPC* case.

Because we hold that the defense of collateral estoppel is applicable in this case in favor of NOK, we need not address NOK's contentions of error by the district court with respect to the other grounds of invalidity and noninfringement.

## II

■ NOK contends that the '621 patent is unenforceable for inequitable conduct before the patent office. Because we have concluded the '621 patent is invalid, we need not address its unenforceability. However, the issue of inequitable conduct has relevance to NOK's request for attorney fees. The district court considered the materiality aspect of inequitable conduct and concluded "that the [information and data] was not material." Thus, it was unnecessary for the court to consider the intent element of inequitable conduct. *See Kingsdown Medical Consultants, Ltd. v. Hollister, Inc.,* 863 F.2d 867, 872, 9 USPQ2d 1384, 1389 (Fed.Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 2068, 104 L.Ed.2d 633 (1989).

What was withheld from the Patent Office, but deemed not material by the district court, however, was delineated in *IPC*

2. In fact, such a showing would be difficult in this case. The evidence Dana alleges to be different in the *NOK* case appears to have always been within its control and readily available at the time of the *IPC* trial. For example, Dana points to a report of its employee, Mr. Wilson, the inventor of the '621 patent, and an internal transmittal letter explaining that the patent application meets with Mr. Wilson's approval. Further, the same counsel appears to have represented Dana in the trial of both cases.

as contributing significantly to our holding that the best mode was not disclosed in the '621 patent. The materiality of the withheld material is evident from the *IPC* decision.

We remand this case to the district court to reconsider its inequitable conduct determination. On remand, the district court must determine whether the conduct of Dana amounts to inequitable conduct. *See Kingsdown,* 863 F.2d at 872–76, 9 USPQ2d at 1389–92.

## COSTS

Costs to NOK.

REVERSED AND REMANDED.