**Jaswant S. PANNU and Jaswant S. Pannu, M.D., P.A., Plaintiffs–Appellees,**

v.

**IOLAB CORPORATION, Defendant–Appellant.**

**No. 00–1247.**

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 8, 2001.

Before MAYER, Chief Judge, LOURIE and BRYSON, Circuit Judges.

PER CURIAM.

Iolab Corporation (Iolab) seeks review of the April 13, 2000, judgment of the United States District Court for the South-

ern District of Florida, granting judgment as a matter of law (JMOL) that U.S. Patent No. Re. 32,525 ('525 reissue) is not invalid under 35 U.S.C. § 102(f) (1994) (nonjoinder). *Pannu v. Iolab Corp.*, 93–CV–6067 (S.D. Fla. April 13, 2000) (*Pannu III*). In addition, Iolab appeals the district court's award of attorney fees. *Pannu v. Iolab Corp.*, 93–CV–6067, (S.D.Fla. Feb. 4, 2000) (order). We *reverse* the grant of JMOL and the award of attorney fees. We also hold that collateral estoppel prevents Jaswant S. Pannu, and his professional association, Jaswant S. Pannu, M.D., P.A. (collectively, Pannu), from asserting the '525 reissue.

In 1980, Pannu filed a patent application directed to an improved intraocular artificial lens. An intraocular lens is an artificial plastic lens that may be implanted into a human eye to replace a natural lens. In 1981, Pannu filed a continuation-in-part (CIP) application based on the 1980 application. The CIP application issued as U.S. Patent No. 4,435,855 ('855 patent). In 1985, Pannu filed an application for reissue of the '855 patent. The '855 patent reissued as the '525 reissue.

In 1993, Pannu sued Iolab, alleging that four types of lenses manufactured by Iolab infringed the '525 reissue. Iolab asserted that the '525 reissue was invalid under 35 U.S.C. § 102(f) because William Link, not Pannu, was the sole inventor. In addition, Iolab argued that Pannu failed to disclose the best mode in violation of 35 U.S.C. § 112. Following a trial, but before the case was submitted to the jury, Pannu successfully moved for JMOL on Iolab's invalidity defense based on nonjoinder. The jury rendered a verdict finding that the patent was not invalid for failure to disclose the best mode and that two of Iolab's lenses infringed the '525 reissue. *Pannu v. Iolab Corp.*, 93–CV–6067 (S.D.Fla. Feb. 10, 1997) (*Pannu I*). On appeal, we affirmed the jury's finding of infringement, but reversed the grant of JMOL, vacated the judgment, and remanded. *Pannu v. Iolab Corp.*, 155 F.3d 1344, 47 USPQ2d 1657 (Fed.Cir.1998) (*Pannu II*).

On remand, Iolab presented evidence that Pannu failed to name Link as an inventor. In spite of our decision in *Pannu II*, the district court again granted JMOL, stating that Iolab's affirmative defense of failure to name an inventor was "totally devoid of merit." *Pannu III* at ——, 2. Iolab appeals.

In its reply brief, Iolab properly raised the affirmative defense of collateral estoppel. *See Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 507, 11 USPQ2d 1883, 1884 (Fed. Cir.1989) ("[W]e see no reason why estoppel cannot be raised during the pendency of an appeal."). In *Pannu v. Storz Instruments, Inc.*, 258 F.3d 1366 (Fed.Cir.2001), we affirmed the judgment of the District Court for the Southern District of Florida that the '525 reissue is invalid under 35 U.S.C. § 251, the recapture rule. *See Pannu v. Storz Instruments, Inc.*, 106 F.Supp.2d 1304 (S.D.Fla.2000). Because collateral estoppel is applicable in this case against Pannu, we need not address Iolab's contentions that the district court erred in granting JMOL.

Iolab also appeals the award of attorney fees pursuant to 35 U.S.C. § 285. We review whether the case is "exceptional" for clear error, and whether an award is warranted for an abuse of discretion. *Interspiro USA, Inc. v. Figgie Int'l Inc.*, 18 F.3d 927, 933–34, 30 USPQ2d 1070, 1074 (Fed.Cir.1994). In *Pannu II*, we vacated the judgment of the district court and remanded for a trial on the issue of inventorship. On remand, Iolab presented evidence on that issue. In spite of the earlier remand, the district court found Iolab's affirmative defense meritless, and awarded

attorney fees. Because the district court clearly erred in finding the case exceptional, we reverse the award of attorney fees.