Docket No. 109041.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

JAMES HURLBERT, Appellant, v. ANDREW J. CHARLES *et al.*,
Appellees.

*Opinion filed September 23, 2010.*

JUSTICE THOMAS delivered the judgment of the court, with
opinion.

Chief Justice Fitzgerald and Justices Freeman, Kilbride, Garman,
Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

In October 2003, plaintiff, James Hurlbert, was arrested for
driving under the influence of alcohol (625 ILCS 5/11–501 (West
2004)). Thereafter, plaintiff filed a petition to rescind the statutory
summary suspension of his driver's license (625 ILCS 5/2–118.1(b)
(West 2004)). The circuit court denied plaintiff's petition, finding that
defendant, Andrew J. Charles, a police officer employed by the City
of Urbana, Illinois, had probable cause to arrest plaintiff. The circuit
court of Champaign County later granted a motion to dismiss the DUI
with prejudice.

Plaintiff then filed a complaint for malicious prosecution against
defendants, the City of Urbana and Charles. Plaintiff's claim for

malicious prosecution was based upon his arrest for DUI. Defendants filed a motion for summary judgment, arguing that the circuit court's finding of probable cause at the hearing on plaintiff's petition to rescind his statutory summary suspension collaterally estopped relitigation of the issue of probable cause in plaintiff's claim for malicious prosecution. The circuit court agreed with defendants, and granted their motion for summary judgment. The appellate court affirmed. 393 Ill. App. 3d 211.

## BACKGROUND

In October 2003, Sergeant Charles was on duty when he received a stolen-vehicle report concerning a Dodge pickup truck. Around 2 a.m., Charles saw plaintiff's pickup truck drive past him in the opposite direction. Plaintiff's pickup truck closely matched the description of the stolen pickup truck, so Charles turned around to follow plaintiff. When Charles caught up with plaintiff's truck, he determined that the truck was not stolen because the license plate did not match the stolen truck's license plate number. Charles did, however, eventually arrest plaintiff for DUI. 625 ILCS 5/11–501 (West 2004). Plaintiff was taken to the Champaign County jail, where he declined to take a Breathalyzer test. Accordingly, plaintiff's driving privileges were summarily suspended by the Illinois Secretary of State. See 625 ILCS 5/11–501.1(c) (West 2004).

In November 2003, plaintiff filed a timely petition to rescind the statutory summary suspension of his driver's license. See 625 ILCS 5/2–118.1(b) (West 2004). Plaintiff's petition to rescind alleged, *inter alia*, that Sergeant Charles did not have reasonable grounds to believe that plaintiff was driving under the influence of alcohol. At the hearing on plaintiff's petition to rescind, Charles testified that after he determined that plaintiff's pickup truck was not the stolen truck, he observed plaintiff's truck drifting into the other lane. Charles turned on his video camera, and again observed plaintiff's truck drifting into the other lane. Charles curbed plaintiff's vehicle, although the truck continued to roll forward at least 150 to 200 yards after Charles signaled for it to stop. Charles testified that when he approached plaintiff, plaintiff smelled of alcohol and admitted that he had consumed two or three beers that night. Charles testified that plaintiff slurred his words slightly and could not provide a driver's license or

proof of insurance. Officer Bain arrived on the scene and recorded the sobriety tests that Charles administered to plaintiff. Charles testified that plaintiff exhibited signs of impairment on each of the field sobriety tests.

Plaintiff testified at the hearing on his petition to rescind. Plaintiff denied that he told Charles that he had two or three beers. Rather, plaintiff testified that he told Charles that he had three mixed drinks on the night of the arrest. Plaintiff denied that he had drifted into the other lane while Charles was following him and testified that he stopped his truck as soon as he realized that Charles wanted to curb him and not just pass him. Plaintiff's counsel argued that Charles did not have probable cause to pull plaintiff over.

The trial court denied plaintiff's petition to rescind. The trial court set forth its own observations concerning the video of plaintiff's driving and his field sobriety tests, and held that, given all the observations that Charles had of plaintiff's driving, "a person of common sense would believe that the driver was under the influence of alcohol" and that there was probable cause to arrest. Plaintiff did not appeal the denial of his petition to rescind. In August 2004, the trial court granted a motion to dismiss the DUI with prejudice, although the record does not set forth the grounds for the dismissal.

In September 2004, plaintiff filed, *pro se*, a second petition to rescind his statutory summary suspension. The trial court denied that petition in November 2004. Plaintiff then filed a third *pro se* petition to rescind, which the trial court also denied.

On September 24, 2007, plaintiff filed his complaint against defendants for malicious prosecution. Plaintiff filed a first amended complaint in January 2008. Plaintiff's first amended complaint alleged, in pertinent part, that Charles pursued a DUI arrest despite the fact that plaintiff did not exhibit any indicia of impairment from the consumption of alcohol, and that Charles acted with malice, in that he acted in the complete absence of probable cause and abused his position of authority.

Defendants filed a motion for summary judgment, arguing that the trial court's probable cause determination at the statutory summary suspension hearing collaterally estopped plaintiff from proving that Charles lacked probable cause to arrest plaintiff in the malicious

prosecution action. Defendants also argued that plaintiff lacked sufficient evidence to prove malice, an essential element in a claim for malicious prosecution.

Plaintiff responded that pursuant to this court's decision in *People v. Moore*, 138 Ill. 2d 162 (1990), collateral estoppel did not apply to statutory summary suspension hearings, so that issues decided in those hearings could be relitigated in subsequent proceedings. In *Moore*, this court held that the results of a statutory summary suspension hearing cannot act as a bar to litigating the same issues in later criminal DUI proceedings. *Moore*, 138 Ill. 2d at 166. Plaintiff also argued that a genuine issue of material fact existed as to the issue of malice.

In reply, defendants contended that this court's decision in *Moore* was limited to criminal prosecutions for DUI following statutory summary suspension hearings, so that *Moore* did not prohibit the application of collateral estoppel in plaintiff's claim for malicious prosecution.

The trial court agreed with defendants, finding that the probable cause finding at plaintiff's statutory summary suspension hearing collaterally estopped relitigation of the issue. The trial court found that *Moore* was limited on its face to an application of collateral estoppel in the subsequent DUI proceedings. The trial court found that the policy underlying *Moore* was not intended to prohibit the use of collateral estoppel in subsequent civil cases. Therefore, because the issue of probable cause had been decided in plaintiff's statutory summary suspension proceeding, plaintiff could not relitigate the issue in his action for malicious prosecution. Given its finding, the trial court did not address defendants' argument that plaintiff lacked sufficient evidence to prove malice. Accordingly, the trial court entered summary judgment in favor of defendants on plaintiff's claim for malicious prosecution.

The appellate court affirmed the trial court's order granting summary judgment in favor of defendants. 393 Ill. App. 3d 211. The appellate court agreed with the trial court that *Moore* was limited to the facts before the court in that case. 393 Ill. App. 3d at 217. The appellate court held that the policy reasons underlying the *Moore* decision were not applicable to subsequent civil proceedings. 393 Ill. App. 3d at 217. The appellate court stated that, in contrast to DUI

cases, the State would not begin treating statutory summary suspension hearings as minitrials because of the threat of collateral estoppel in later civil litigation. 393 Ill. App. 3d at 217. Because the plaintiff had fully and fairly litigated the issue of probable cause at his statutory summary suspension hearing, the appellate court held that collateral estoppel barred relitigation of the issue in the malicious prosecution case. 393 Ill. App. 3d at 218. Given its holding, the appellate court did not address defendant's claim that plaintiff did not raise a question of material fact of whether Sergeant Charles acted with malice. The appellate court therefore affirmed the trial court's order granting summary judgment in favor of defendants. 393 Ill. App. 3d at 218.

This court allowed plaintiff's petition for leave to appeal. 210 Ill. 2d R. 315.

ANALYSIS

On appeal, plaintiff argues that the lower courts erred in holding that the probable cause finding at plaintiff's statutory summary suspension proceeding collaterally estopped relitigation of probable cause in plaintiff's claim for malicious prosecution. Plaintiff contends that this court's decision in *Moore* is controlling, and that the lower courts improperly distinguished *Moore* in finding that collateral estoppel applied in this case.

Whether the doctrine of collateral estoppel applies in this case presents a question of law. Accordingly, our review of the issue is *de novo*. *In re A.W.*, 231 Ill. 2d 92, 99 (2008).

In finding that *Moore* was distinguishable from this case, and that collateral estoppel barred relitigation of the issue of probable cause in plaintiff's claim for malicious prosecution, the lower courts found that all the elements of collateral estoppel had been met. Accordingly, we first address whether, absent application of the *Moore* decision, collateral estoppel applies to plaintiff's claim for malicious prosecution.

The doctrine of collateral estoppel bars relitigation of an issue that was already decided in a prior case. *A.W.*, 231 Ill. 2d at 99. The three requirements for the application of collateral estoppel are that:

"(1) the issue decided in the prior adjudication is identical

with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Gumma v. White*, 216 Ill. 2d 23, 38 (2005).

The appellate court held that the elements of collateral estoppel were met in this case. 393 Ill. App. 3d at 216. We agree. Both statutory summary suspension hearings and malicious prosecution actions require determinations of probable cause. One of the issues in a summary suspension hearing is whether the arresting officer had reasonable grounds to believe that the person was driving while under the influence of alcohol. 625 ILCS 5/2–118.1(b)(2) (West 2004). Reasonable grounds to believe the person is driving while under the influence is synonymous with probable cause. See *Moore*, 138 Ill. 2d at 167 (one of the issues considered in statutory summary suspension hearings is "whether the arresting officer had probable cause to believe that the person was driving while under the influence"); see also *People v. Peak*, 29 Ill. 2d 343, 347 (1963) ("probable cause or reasonable grounds [to arrest] means something less than the evidence which would result in a conviction").

Likewise, to state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) the defendant commenced or continued an original criminal or civil judicial proceeding; (2) the proceeding terminated in favor of the plaintiff; (3) *there was an absence of probable cause for such proceeding*; (4) the presence of malice; and (5) damages resulting to the plaintiff. (Emphasis added.) *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996).

The probable cause issue decided in the statutory summary suspension hearing is identical to the probable cause issue presented in the instant malicious prosecution action. Likewise, there was a final judgment on the merits in the statutory summary suspension hearing, and plaintiff, the party against whom estoppel is asserted in this case, was a party to the prior adjudication. Therefore, the elements of collateral estoppel were met in this case.

Having found that the elements of collateral estoppel were met in this case, we next must decide whether, as the lower courts found, collateral estoppel bars relitigation of probable cause in plaintiff's claim for malicious prosecution or whether, as in *Moore*, the probable

-6-

cause finding in plaintiff's statutory summary suspension hearing does not bar relitigation of the issue of probable cause.

In *Moore*, this court addressed a conflict in the appellate court concerning whether the results of statutory summary suspension hearings can act as collateral estoppel to prevent questions decided at the hearing from being relitigated in the later criminal proceedings. *Moore*, 138 Ill. 2d at 167. Although several panels of the appellate court held that the doctrine of collateral estoppel did not apply to bar relitigation in a later criminal proceeding, the appellate court in *Moore* held that collateral estoppel did apply. *Moore*, 138 Ill. 2d at 167. This court reversed the appellate court, holding that although the case appeared to contain all the elements necessary for application of the doctrine of collateral estoppel, the results of a statutory summary suspension hearing nonetheless could not act as a bar to litigating the same issues in later criminal DUI proceedings. *Moore*, 138 Ill. 2d at 166.

*Moore* noted that summary suspension hearings are civil in nature, and the court in those hearings may rely on law enforcement officers' official reports in the absence of the officers themselves. *Moore*, 138 Ill. 2d at 167. This court agreed with the *Moore* appellate court that the distinctions between the functions of a statutory summary suspension hearing in a DUI case and a preliminary hearing in a criminal case can often be slight and perhaps insignificant, but nonetheless found that the differences in the procedures involved were very real. *Moore*, 138 Ill. 2d at 169. License suspension proceedings are to be swift and of limited scope. *Moore*, 138 Ill. 2d at 169. As the appellate court in *People v. Stice*, 168 Ill. App. 3d 662 (1988), found, if license suspension proceedings were given preclusive effect, that would render the legislative purpose meaningless. *Moore*, 138 Ill. 2d at 169. Specifically, this court stated that:

> "the practical effect [of giving preclusive effect to license suspension proceedings] would be that the State or municipality could not rely on the sworn police report at these proceedings but, rather, would be required to have the arresting officer, and other witnesses, testify. The goal of conducting swift hearings for the sole purpose of determining whether a court has sufficient reason to rescind summary

suspension of a motorist's driving privileges will be thwarted. Given this probable result, and the fact that no injustice will be done to either party by declining to give preclusive effect to these license suspension hearings, we decline to do so." *Moore*, 138 Ill. 2d at 169.

This court also rejected a case-by-case approach, which would hold that collateral estoppel would apply when the record revealed that the statutory summary suspension hearing provided a full and fair disposition of an issue, but would not apply when the issue was resolved in a cursory fashion. *Moore*, 138 Ill. 2d at 169. This court concluded that the case-by-case approach would be unworkable, because "[g]iven even the possibility that the results of a summary suspension hearing would act as collateral estoppel, the State would likely find it necessary to treat the suspension hearing as an integral part of the criminal trial rather than merely an administrative device at the disposal of the defendant." *Moore*, 138 Ill. 2d at 169-70.

As noted, the lower courts in this case found that the decision in *Moore* was limited to subsequent criminal DUI proceedings and did not apply to subsequent civil proceedings. Plaintiff argues that the lower courts erred in finding that the decision in *Moore* rested on the nature of the subsequent proceeding in that case. Plaintiff asserts that *Moore* in fact rested its decision on the nature of the statutory summary suspension process and not on the subsequent action in which the doctrine of collateral estoppel is sought to be applied. Further, the court in *Moore* specifically rejected a case-by-case approach with respect to the application of collateral estoppel.

In response, defendants argue that the primary reason for rejecting collateral estoppel in *Moore* was the impact collateral estoppel would have on criminal DUI prosecutions. *Moore* rejected a case-by-case approach for those same reasons. There is no reason for such a rule as it applies to a subsequent lawsuit for malicious prosecution.

Defendants further contend that application of a case-by-case analysis of collateral estoppel to a subsequent civil lawsuit for malicious prosecution is consistent with the legislative intent of providing a quick and expeditious hearing on the suspension of a person's driver's license. Thus, in this case, plaintiff initiated the statutory summary suspension hearing, was represented by counsel, and presented the testimony of all witnesses to the stop and arrest of

plaintiff. Therefore, application of collateral estoppel would be consistent with principles of equity.

Upon review, we agree with plaintiff that the court in *Moore* rested its decision on the nature of the statutory summary suspension process and not on the nature of the subsequent action in which the doctrine of collateral estoppel was sought to be applied. In holding that collateral estoppel would not act as a bar to litigating the same issues in the criminal DUI proceeding that had been litigated in the statutory summary suspension hearing, *Moore* specifically noted that to hold otherwise would render the legislative purpose behind the statutory summary suspension statute meaningless. *Moore*, 138 Ill. 2d at 169. The goal of conducting swift hearings for the sole purpose of determining whether a court has sufficient reason to rescind the summary suspension of a motorist's driving privileges would be thwarted. *Moore*, 138 Ill. 2d at 169. Based upon this analysis, we agree with plaintiff that the *Moore* court was focused on the nature of the summary suspension proceedings and not on the nature of the subsequent DUI proceedings.

Defendants, however, argue that the *Moore* court's rationale does not apply when considering the effect of collateral estoppel on a subsequent civil lawsuit for malicious prosecution, because a subsequent civil lawsuit for malicious prosecution is much less likely than a criminal DUI prosecution.

We disagree. The gravamen of *Moore*'s holding was the fact that giving a preclusive effect to the results of a statutory summary suspension hearing would render the legislative purpose behind the statutory summary suspension hearing meaningless. This holding was not based upon the likelihood that a DUI prosecution would follow statutory summary suspension hearings or upon the number of DUI prosecutions that follow statutory summary suspension hearings. Rather, the holding was based upon the likelihood that the State, given the possibility that the results of the statutory summary suspension hearing would be given preclusive effect, would be less likely to simply rely on police reports as evidence, but instead would elect to call witnesses and conduct full blown hearings. Such concerns are no less valid with regard to civil litigation.

We also disagree with defendants that application of a case-by-case analysis to subsequent civil litigation would be consistent with

the legislative intent of providing a quick and expeditious hearing on the suspension of a person's driver's license. As the *Moore* court found in rejecting a case-by-case analysis for subsequent DUI prosecutions, given even the possibility that the results of a statutory summary suspension hearing would act as collateral estoppel in any subsequent litigation, the State would likely deem it necessary to treat the suspension hearing as an integral part of a criminal trial rather than merely as an administrative device at defendant's disposal. *Moore*, 138 Ill. 2d at 169-70. These concerns apply to civil litigation as well as criminal litigation. Given even the possibility that collateral estoppel would apply to any potential future civil litigation, however remote, parties to a statutory summary suspension hearing would likely deem it prudent and necessary to conduct a full and complete hearing on the issues raised in that hearing, thereby undermining the very purpose of the statute to provide for expeditious review of the statutory summary suspension.

Finally, we note that in this case, as in *Moore*, declining to give preclusive effect to license suspension hearings in subsequent civil litigation would not cause any injustice to either party. For those reasons, we hold that our decision in *Moore* controls this case and that the results of plaintiff's statutory summary suspension hearing do not have a collateral estoppel effect on plaintiff's claim for malicious prosecution.

Defendants, however, also argue that the circuit court's order granting their motion for summary judgment may be affirmed on the alternative basis that plaintiff failed to present evidence of malice. Because malice is an essential element of a claim for malicious prosecution, defendants argue that absent evidence of malice, plaintiff's claim for malicious prosecution cannot stand.

Defendants are correct that malice is an essential element of a claim for malicious prosecution. However, because the lower courts granted summary judgment in favor of defendants on the basis of collateral estoppel, neither court addressed whether plaintiff had sufficiently alleged malice in his claim for malicious prosecution. Accordingly, we decline to address the issue for the first time in this appeal and instead remand the cause to the trial court for consideration of this issue. See *Carter v. SSC Odin Operating Co.*, 237 Ill. 2d 30, 51 (2010); *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 184

(1997).

## CONCLUSION

For all of the foregoing reasons, we reverse the judgments of the circuit and appellate courts, and remand this cause to the circuit court for further proceedings.

*Reversed and remanded.*