# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Anderson*, 2013 IL App (2d) 121346

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PAUL D. ANDERSON, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-12-1346 |
| Filed | October 3, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for driving under the influence of alcohol, where the trial court rescinded the summary suspension of defendant's license based on the lack of probable cause and the appellate court reversed that decision, the trial court's subsequent grant of defendant's motion to quash his arrest and suppress evidence based on the lack of probable cause was also reversed, even though the appellate court rejected the State's argument that the collateral estoppel effect of the appellate court's reversal of the summary-suspension decision required the reversal of the trial court's decision granting the motion to quash and suppress, since collateral estoppel did not apply because the trial court's summary-suspension judgment should not have preclusive effect against either the State or defendant; however, probable cause existed for defendant's arrest based on the evidence. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 12-DT-1094; the Hon. Liam C. Brennan, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Frederick Flather, Assistant State's Attorneys, of counsel), for the People.

Eric J. Bell, of Law Offices of Eric J. Bell, of Chicago, for appellee.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion. Justices Schostok and Spence concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Paul D. Anderson, was charged with driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2012)). He moved to quash his arrest and suppress evidence, contending that he had been arrested without probable cause. The trial court granted the motion. The State appeals, arguing that (1) collateral estoppel requires reversal, because the sole issue in this case, probable cause to arrest, was decided adversely to defendant when this court reversed the trial court's rescission of the summary suspension of defendant's driving privileges (*People v. Anderson*, 2012 IL App (2d) 120576-U); and (2) defendant's arrest was supported by probable cause. We agree with the State's second contention only, and we reverse and remand.

¶ 2    We first summarize the proceedings in the summary-suspension proceeding. On March 25, 2012, Officer Peter Briddell arrested defendant for DUI. As defendant refused to perform field sobriety tests or take a breath-alcohol test, Briddell served him with notice of the summary suspension (see 625 ILCS 5/11-501.1 (West 2012)). On May 4, 2012, defendant petitioned to rescind the summary suspension, contending that Briddell had lacked probable cause to arrest him. On May 8, 2012, the trial court held a hearing on the petition. Although our order in *Anderson* summarized the hearing, we do so again for clarity of discussion.

¶ 3    Briddell was the sole witness at the hearing. On direct examination, he testified as follows. On March 25, 2012, at 11:15 p.m., he saw defendant at the intersection of Montgomery and Eola Roads. Defendant was standing outside his "wrecked car." Briddell asked defendant what had happened; defendant responded that his car had stopped moving and that he did not know why. At 11:30 p.m., Briddell arrested defendant for DUI. Briddell had not seen defendant drive; before the arrest, defendant did not perform any field sobriety tests or take a preliminary breath test.

¶ 4    Briddell testified as follows on cross-examination. Upon arriving, he spoke to an eyewitness, who told him that defendant, while driving south on Montgomery, made a wide left turn, struck the curb at Montgomery and Eola, then drove a little farther south on Eola. Briddell saw that defendant's car was disabled, as the suspension had been broken. As Briddell spoke to defendant, he saw that defendant was swaying. In addition to asking

defendant what had happened, Briddell asked if he had had anything to drink; defendant responded, "too much." Briddell asked him how much but did not remember defendant's answer. Briddell asked defendant to perform field sobriety tests; "[defendant] asked, why, I'm drunk." Briddell repeated the request; defendant responded, "you know I'm drunk."

¶ 5 The trial court denied the State's motion for a directed finding. The State recalled Briddell. He testified that, as he spoke to defendant, he noticed that defendant's pants were "wet up front," which was "a little abnormal." Also, defendant's eyes looked glassy.

¶ 6 The trial court found that defendant had been arrested without probable cause. The judge acknowledged the accident, which was "suggestive" of impairment; defendant's statement that he would not perform field sobriety tests, because he was drunk; and defendant's glassy eyes and "swaying" of unspecified severity. However, there had been nothing about slurred speech, belligerence, defendant's gait, or any odor emanating from him. The cause of defendant's "wet pants" was unknown. The trial court rescinded the summary suspension, and the State appealed.

¶ 7 While that appeal was pending, on October 22, 2012, defendant moved to quash his arrest and suppress evidence, again contending that Briddell had arrested him without probable cause. On November 6, 2012, with the summary-suspension appeal still pending, the trial court held a hearing on defendant's motion. The State declined to stipulate to the evidence from the summary-suspension hearing. Again, Briddell was the sole witness. On direct examination, he testified as follows. On March 25, 2012, at about 11:15 p.m., he responded to a report of a vehicle crash at Montgomery and Eola Roads. At the scene, he saw defendant standing outside his car. The car's right front suspension and wheel were broken. After about 15 minutes, Briddell arrested defendant. Defendant had not taken any field sobriety tests or a preliminary breath test. Briddell had never seen defendant driving the car. Briddell talked to defendant before arresting him. About the accident, defendant said only that "he couldn't figure out why his car stopped moving."

¶ 8 Briddell testified on cross-examination that, on arriving, he spoke to an eyewitness who told him that defendant's car had struck the curb at the intersection of Montgomery and Eola and had continued south, then stopped. Briddell asked defendant to perform field sobriety tests; defendant responded, "Why, I'm drunk." Briddell asked again; defendant said, "why, you know I'm drunk." Briddell then asked defendant how much he had had to drink that evening; defendant said that he had had too much. Defendant's pants were wet in the crotch area.

¶ 9 The trial court denied the State's motion for a directed finding. The State recalled Briddell. He testified that, while they spoke, defendant was "swaying."

¶ 10 The trial court granted defendant's motion. The judge explained:

"[T]here's no suggestion of slurred speech, odor of alcohol; I haven't heard anything with respect to bloodshot and glassy eyes. There's a suggestion of a sway when the defendant is out of the car. I don't know what that means. No unsteady gait testimony.

There isn't anything to warrant that arrest."[1]

¶ 11    On December 3, 2012, the State filed a notice of appeal from the grant of defendant's motion. In the meantime, on November 14, 2012, this court issued its order in the summary-suspension appeal. We reversed the trial court, holding that Briddell had had probable cause to arrest defendant for DUI. We explained:

"[I]n addition to defendant's glassy eyes and swaying, the details of his accident were known and he admitted not just to consuming alcohol, but that he was intoxicated and thus was guilty of the offense. Officer Briddell was told by [the eyewitness] that defendant turned widely, striking the curb, and continued on until his car stopped. Defendant told Officer Briddell that he did not know why his car stopped moving. Officer Briddell further observed that defendant's eyes were glassy, his pants were wet in the front, and he was swaying. When asked if he had had anything to drink, defendant stated that he had had 'too much' to drink. Defendant further refused to take the field sobriety tests on two occasions, indicating that they were unnecessary because he admitted to being drunk." *Anderson*, 2012 IL App (2d) 120576-U, ¶ 12.

We distinguished *People v. Boomer*, 325 Ill. App. 3d 206, 208-10 (2001), in which we held that there had been no probable cause to arrest the defendant for DUI. In *Boomer*, the circumstances of the defendant's motorcycle accident had been unknown; he suffered severe injuries that had prevented him from communicating other than by blinking; he admitted that he had been drinking alcohol, but the quantity was unknown; he emitted an odor of alcohol; and his injuries prevented him from displaying any indicia of intoxication or taking any tests. *Anderson*, 2012 IL App (2d) 120576-U, ¶ 11. We saw the evidence in *Anderson* as "in line" with that in *People v. Cortez*, 361 Ill. App. 3d 456, 464 (2005), which held that there had been probable cause to believe that the defendant had committed DUI, in that he had rolled his car over; he had bloodshot eyes, slurred speech, and an odor of alcohol; he swayed as he spoke; and he admitted to having consumed beer before driving. *Anderson*, 2012 IL App (2d) 120576-U, ¶ 12.

¶ 12    On appeal, the State contends first that, because our decision in *Anderson* held that Briddell had had probable cause to arrest defendant for DUI, collateral estoppel requires that, in the present appeal, the same holding must apply. Defendant responds that *People v. Moore*, 138 Ill. 2d 162 (1990), forbids giving preclusive effect in a criminal case to the judgment in a summary-suspension proceeding. The State replies that *Moore* prohibits only using collateral estoppel against the State.

¶ 13    At the trial level, the State did not invoke collateral estoppel. Normally, collateral estoppel is an affirmative defense that is forfeited if not pleaded. *Allianz Insurance Co. v. Guidant Corp.*, 387 Ill. App. 3d 1008, 1019-20 (2008). The State notes, however, that here the defense was unavailable at the trial court level. This is because one element of collateral

---

[1]Defendant had also been charged with other traffic offenses (not listed in the common-law record). The court held, based on evidence distinct from that applying to the DUI charge, that there had been no probable cause to arrest defendant for those offenses, so that the order applied to those charges as well. On appeal, the State does not challenge this aspect of the order.

estoppel is a final judgment on the merits, which does not exist until the potential for appellate review has been exhausted. *Ballweg v. City of Springfield*, 114 Ill. 2d 107, 113 (1986). Thus, *Anderson* became final 35 days after we issued our order, when defendant could no longer appeal to the supreme court. See Ill. S. Ct. R. 315(b) (eff. Aug. 15, 2006). That was after the hearing and the judgment in this case.

¶ 14    Because the affirmative defense of collateral estoppel was unavailable at the trial court level, the State may raise it here. See *Allianz*, 387 Ill. App. 3d at 1020 (collateral estoppel available although not pleaded, as allegedly preclusive orders were entered long after defendant could file answer); *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 507-08 (Fed. Cir. 1989) (collateral estoppel could be raised for first time on appeal, as opinions having preclusive effect were not entered until after appeal taken). Also, defendant does not contend that the issue is forfeited. Thus, we examine the State's collateral estoppel argument on the merits.

¶ 15    Collateral estoppel bars the litigation of an issue that has been fairly and completely resolved in a prior proceeding. *Moore*, 138 Ill. 2d at 166. The prerequisites to applying collateral estoppel are (1) an identity of issues; (2) a final judgment on the merits in the prior proceeding; and (3) that the party against whom estoppel is asserted was a party, or is in privity with a party, in the prior proceeding. *Gumma v. White*, 216 Ill. 2d 23, 26 (2005); *Ballweg*, 114 Ill. 2d at 113. However, even if the foregoing criteria are met, collateral estoppel should not be applied unless it is clear that doing so would not be unfair to the party to be estopped. *American Family Mutual Insurance Co. v. Savickas*, 193 Ill. 2d 378, 388 (2000).

¶ 16    *Moore* presented the "flip side" of the present case: the supreme court refused to apply collateral estoppel in favor of the motorist. The motorist was charged with DUI, and his driving privileges were summarily suspended. He first prevailed on a petition to rescind the summary suspension. The judgment was based on the finding that the arresting officer had lacked probable cause to stop the motorist. *Moore*, 138 Ill. 2d at 165. The motorist then moved in the criminal case to suppress evidence. The trial court granted the motion, holding that the issue of probable cause had been decided in the summary-suspension proceeding, so that the State could not relitigate it. *Id.* The appellate court affirmed. *People v. Moore*, 184 Ill. App. 3d 102 (1989).

¶ 17    The supreme court reversed. The court acknowledged that the three formal prerequisites for the application of collateral estoppel appeared to have been met. *Moore*, 138 Ill. 2d at 166. Nonetheless, the court found compelling policy reasons against applying collateral estoppel. The court based its decision on the differences between the two proceedings, in light of the policy behind the former. It explained:

"While *** the distinction between the functions of a statutory summary suspension hearing in a DUI case and a preliminary hearing in a criminal case can often be slight, and perhaps even insignificant [citation], the differences in procedures involved are, nevertheless, very real. The legislature has specifically directed that the license suspension proceedings are to be swift and of limited scope. *** [I]f these proceedings were given preclusive effect, it would render meaningless this legislative purpose. That

is, the practical effect would be that the State or municipality could not rely on the sworn police report at these proceedings but, rather, would be required to have the arresting officer, and other witnesses, testify. The goal of conducting swift hearings for the sole purpose of determining whether a court has sufficient reason to rescind [the] summary suspension of a motorist's driving privileges will be thwarted. Given this probable result, and the fact that no injustice will be done to either party by declining to give preclusive effect to these license suspension hearings, we decline to do so." *Id.* at 169.

The court rejected a case-by-case approach to deciding whether, in a summary-suspension proceeding, the State has had a full and fair opportunity to litigate an issue. That approach would frustrate the legislative policy of providing a swift and limited mechanism for dealing with summary suspensions; even the possibility of giving preclusive effect to a summary-suspension judgment would cause the State "to treat the suspension hearing as an integral part of the criminal trial," so that police officers, event witnesses, and even experts would be required to testify. *Id.* at 170.

¶ 18    The State contends that *Moore* does not apply, because (1) it bars only a motorist's use of the judgment in a summary-suspension hearing against the State in a subsequent criminal DUI proceeding; and (2) its holding is based on policy considerations that do not militate against the *State's* use of the judgment in a summary-suspension hearing against the *motorist* in a subsequent criminal DUI proceeding. We disagree with the State.

¶ 19    *Hurlbert v. Charles*, 238 Ill. 2d 248 (2010), disposes of this case.[2] There, the plaintiff was charged with DUI, and his license was summarily suspended. He petitioned to rescind his summary suspension, contending that Charles, an Urbana police officer, had arrested him without probable cause. The trial court denied the petition, finding probable cause. However, the trial court dismissed the DUI charge with prejudice. The plaintiff then sued Charles and the City of Urbana for malicious prosecution (*id.* at 252). They moved for summary judgment, arguing that the trial court's probable cause finding estopped the plaintiff from contending that the arrest was without probable cause, an essential element of his cause of action (see *id.* at 256).

¶ 20    The supreme court disagreed with the defendants. It explained that, although *Moore* had involved the application of a judgment in a summary-suspension hearing to a subsequent criminal proceeding, its reasoning applies to subsequent civil suits as well. The court explained, "*Moore* rested its decision on the nature of the statutory summary suspension process, and not on the nature of the subsequent action." *Id.* at 258-59. Crucially, the legislative intent to make summary-suspension proceedings expeditious would be undermined were the State concerned that findings made in the hearing could have preclusive effect in subsequent proceedings–and, although *Moore* involved a subsequent criminal proceeding, its rationale applied equally to civil litigation. *Id.* at 259-60. Thus, the defendants in the malicious-prosecution case could not use the finding of probable cause to preclude the plaintiff from contending that there had been no probable cause.

_____

[2]Remarkably, neither party cites *Hurlbert*, even though it was decided more than two years before the State filed its appellant's brief.

¶ 21    *Hurlbert* extended *Moore* in two respects. First, it held that *Moore* applies to the preclusive effect (or lack of it) that a summary-suspension judgment has in a subsequent *civil* case. Second, and much more important here, *Hurlbert* presents the "flip side" of *Moore*. In *Moore*, the motorist argued that a finding of "no probable cause" in a summary-suspension proceeding had preclusive effect against the State, which had arrested and prosecuted him for DUI, in a later proceeding. In *Hurlbert*, the officer and the municipality, who had arrested and prosecuted the motorist for DUI, argued that a finding of "probable cause" in a summary-suspension proceeding had preclusive effect against the motorist in a later proceeding.

¶ 22    *Hurlbert*'s implications for the present case are obvious. The State argues that, although *Moore* bars the motorist from using a summary-suspension judgment in his favor against the State in a subsequent proceeding, it does not bar the *State* from using a summary-suspension judgment *in its favor* in a subsequent proceeding against the motorist. The State's approach cannot be squared with *Hurlbert*, which made *Moore*'s rule a two-way street. In effect, *Hurlbert* and *Moore* apply the principle of mutuality: neither party may use a prior judgment as an estoppel against the other party unless both parties were bound by the prior judgment. See *People v. Franklin*, 167 Ill. 2d 1, 12 (1995). Together, *Moore* and *Hurlbert* establish that a summary-suspension judgment should not have preclusive effect against either the State or the motorist. They are consistent with *Franklin*'s mutuality rule: under *Moore* the State is not bound, and under *Hurlbert* the motorist is not bound. Therefore, we reject the State's invocation of collateral estoppel.

¶ 23    We turn to the State's second argument on appeal: that, regardless of anything that occurred in the summary-suspension proceeding, the trial court erred in holding that Briddell lacked probable cause to arrest defendant for DUI. For the following reasons, we agree with the State.

¶ 24    Although we are not bound by *Anderson*, its reasoning is sound, and this case does not differ in any meaningful way. We note that probable cause to arrest exists when the facts the officer knows are sufficient to lead a reasonably cautious person to believe that the defendant has committed a crime. *People v. Wear*, 229 Ill. 2d 545, 563 (2008). As the facts are not disputed, we review *de novo* the trial court's conclusion that Briddell lacked probable cause to arrest defendant for DUI. *Id.* at 562.

¶ 25    Here, Briddell knew the following before he arrested defendant. Defendant was swaying as he spoke to Briddell. His pants were wet in the front. He had been in an unexplained one-car accident: an eyewitness had told Briddell that the car had struck a curb and continued south; Briddell could see that the car was damaged; and defendant told him that he could not figure out why his car had stopped moving. Defendant himself told Briddell twice that he was "drunk" and, for that reason, he refused to take field-sobriety tests. He also declined a breath test. Asked how much he had had to drink, defendant said, "too much." These facts were ample for a reasonably cautious person to believe that defendant had committed DUI. Indeed, defendant admitted both that he was drunk and that he had just been driving. Even were these admissions insufficient by themselves to establish probable cause, they were corroborated in numerous substantial respects. The evidence established probable cause to arrest defendant for DUI.

¶ 26    The order of the circuit court of Du Page County is reversed, and the cause is remanded.

¶ 27    Reversed and remanded.