NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 25, 2016
Decided April 5, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-3131

| | |
|---|---|
| ANTHONY PERAICA,<br>    *Plaintiff-Appellant,*<br><br>v.<br><br>VILLAGE OF MCCOOK, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 1:10-cv-7040<br><br>Milton I. Shadur,<br>*Judge.* |

**O R D E R**

This civil-rights action arises out of plaintiff Anthony Peraica's arrest for destroying his opponent's campaign sign in McCook, Illinois, when Peraica was running for reelection as a Cook County commissioner. Following his arrest, Peraica was convicted in state court of misdemeanor destruction of property. He also brought this civil suit against the Village of McCook, Jeffrey Tobolski, seven named police

officers, and various unnamed police defendants. After the federal district court dismissed Peraica's complaint on issue-preclusion grounds, he appealed to this court. We affirm.

**Background**

Fifteen miles southwest of Chicago, in Cook County, the Village of McCook is home to about 250 people. Tobolski has been its mayor for some time. He was also Peraica's political opponent in the race for Cook County commissioner in November 2012. And when the election was held on November 2, Tobolski won the county commissioner race.

Three days before the election, Peraica was the passenger in a white Chevrolet van traveling south through McCook. Local police were aware that the occupants of a white Chevrolet van were suspected of damaging political signs, so when an officer saw this white van failing to signal at a turn, the officer stopped the vehicle and detained its occupants. He found Peraica campaign signs and a rake in the car. The officer testified that he was familiar with Peraica's name and knew that Peraica was running against Tobolski for county commissioner, but he was unaware that Peraica was riding in the van when he stopped it. While Peraica was detained, police learned more about the damage to Tobolski campaign signs.

Louis Skorvanek, who owns the McCook Bohemian American Family Restaurant, told police that a Tobolski sign outside his restaurant had been knocked down. When Skorvanek left his restaurant around 11 p.m. that evening, his Tobolski sign was still in its place and intact. He testified that the area outside his restaurant is well lit and that he could see the sign well. About 10 minutes after Skorvanek left, however, he received a call from Robert Baloga. Baloga is a tenant who lives above the McCook Family Restaurant; he told Skorvanek that someone was "breaking" the Tobolski sign. Skorvanek promptly turned around, found his sign broken, and then saw a police officer picking up another broken Tobolski sign a short distance away. He informed police about his own sign. As the McCook police investigated further, Baloga told police that he saw the passenger of a white van damaging the sign. When Baloga was brought to the stopped white van, and asked whether he could identify the man who destroyed the sign, Peraica and the driver were standing outside the vehicle. Baloga pointed to Peraica from a yard away, saying, "that's the guy right there."

Peraica was arrested, charged with misdemeanor damage to property, and brought to the police station. Four hours later, when he was released from police

custody, a reporter was waiting for him outside. Peraica claims that Tobolski tipped off the media. Someone in McCook also released Peraica's mug shot to the media, in what he calls an effort to discredit him immediately before the election for Cook County commissioner.

During a bench trial in Cook County, Skorvanek testified that his Tobolski sign was damaged outside the McCook Family Restaurant. Baloga testified that he watched Peraica striking the Tobolski sign with a rake and breaking the sign into small pieces. Baloga also said that Peraica was wearing a "gray baseball hat and a hoodie and jeans," which was consistent with police testimony at trial that Peraica was wearing a baseball cap, gray fleece jacket, and denim jeans when he was arrested.

One day after his arrest, and one day before the election, Peraica also filed this action under 42 U.S.C. § 1983. His federal case was stayed during the state criminal proceedings. Through his criminal trial, Peraica was found guilty of misdemeanor damage to property, and this conviction was affirmed on appeal. Peraica's delayed federal civil-rights complaint originally included First Amendment retaliation, false arrest, and common-law claims, but this suit was narrowed to the retaliation claim alone, and the defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The district court noted facts determined in the state criminal trial, concluded that Peraica's federal suit is barred by issue preclusion, and granted judgment in the defendants' favor. Peraica now brings this appeal.

## Discussion

Peraica's appeal raises three issues, which we address in turn.

### A.  Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), if a party moves for judgment early enough to avoid delaying trial, it may seek judgment on the pleadings after they close. Peraica urges that the district court entered judgment too early because no order had closed the pleadings or foreclosed further arguments. Rule 12 does not require a special order to close the pleadings, however, and the district court's entry of judgment itself concluded any argument. Further, the district court relied on determinations in Peraica's state-court case, which meant that more facts were established than is often the case in a Rule 12(c) motion. As a result, the district court order was permissible.

### B.  Issue Preclusion

The heart of Peraica's appeal is issue preclusion: whether matters decided in his state criminal case block him from bringing this civil-rights suit. Issues previously determined in a criminal conviction can foreclose civil litigation. *Appley v. West*, 832

F.2d 1021, 1025–26 (7th Cir. 1987). If allowing Peraica to proceed with this civil-rights lawsuit would require the federal courts to contradict his state conviction, then issue preclusion will have to bar this litigation. We review the district court's issue-preclusion ruling de novo. *Adams v. Adams*, 738 F.3d 861, 864 (7th Cir. 2013).

In determining whether issue preclusion applies, we look to the preclusion law of the state that made the earlier judgment. *Id.* at 865. The Illinois Supreme Court provides a three-part test for issue preclusion. *Hurlbert v. Charles*, 238 Ill. 2d 248, 255 (Ill. 2010). First, the issue decided in the prior adjudication must be identical to the issue at stake in the current adjudication. *Id.* Second, the prior adjudication must have been finally decided on the merits. *Id.* Third, the party against whom issue preclusion is argued must have been a party, or in privity with a party, to the prior adjudication. *Id.*

The second and third elements of issue preclusion are readily met here: the state court entered a final conviction against Peraica and he was, necessarily, party to his own conviction. As a result, the remaining question is whether this case satisfies the first element. We must ask whether the facts that Peraica seeks to litigate here, and facts decided by the state court when he was tried for property damage, are identical.

To establish a prima facie claim for First Amendment retaliation, Peraica must establish three elements. First, his activity must have been protected by the First Amendment. Second, he must have suffered a deprivation that would likely deter future First Amendment activity. Third, his protected activity must be "at least a motivating factor" in the defendants' actions. *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008).

The parties do not dispute that Peraica satisfies the first and second elements of his First Amendment claim. First, Peraica was engaged in lawful campaign activity, as distinct from his unlawful sign destruction, when he drove through McCook to place his own campaign signs on October 30. This is activity protected by the First Amendment. Second, being stopped by police and ultimately arrested is enough to deter future activity protected by the First Amendment. The controlling question is thus whether, in his effort to prove the third element of retaliation, Peraica will raise issues that have already been decided in his state-court conviction. And whether we are considering police actions in stopping Peraica or police actions in arresting him, issue preclusion prevents Peraica from proving the third element of his First Amendment retaliation claim.

To begin with, the state court found that police were justified in stopping the van in which Peraica was traveling. Its driver had violated a traffic law: he failed to signal. We also note Peraica's failure to even suggest that, when police initially stopped this

van, they knew he was the passenger. There is no allegation that his name or campaign for Cook County commissioner were advertised on the outside of the van. On the contrary, the record indicates a nondescript Chevy van which any number of people could have been driving. With regard to the traffic stop, the record simply does not support the third element of Peraica's retaliation claim. There is nothing to indicate that his lawful campaign activity was any motivation behind the police decision to stop him. In other words, there is no evidence that the police knew that Peraica was a passenger in the van, or that the police were making a pretextual stop to nab him.

Regarding Peraica's arrest, the Illinois state court also made relevant findings. It established that, when the police officer stopped the Chevy van, he was aware of reports that suspects in a similar van were engaging in vandalism. Before Peraica was arrested, he was positively identified by a witness as the man who destroyed a Tobolski campaign sign. In addition, the Tobolski sign was destroyed with a stick-like object, and the van in which Peraica was traveling contained a rake that fit the description. Under the "at least a motivating factor" test, police could arrest Peraica on valid grounds, while also being motivated to hinder his First Amendment rights by finding reasons to arrest him. But these facts do not indicate that Peraica's lawful campaign, as distinct from his unlawful sign destruction, motivated police to arrest him on the night of October 30.

As the district court noted, it would also be too speculative to conclude that Peraica was arrested for political reasons simply because (1) Tobolski subsequently notified a reporter of Peraica's arrest, or (2) someone in McCook later released Peraica's mugshot. As the district court observed, these facts leave open the *possibility* that Peraica's lawful campaign activities were at least a motivating factor for his arrest. But mere possibility is insufficient. Peraica is appealing a Rule 12(c) judgment on the pleadings, where the survival of his First Amendment retaliation claim depends on *plausibility* pleading. In other words, Peraica must satisfy a higher standard: "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," they fail to show that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Peraica speculates about actions that occurred after he was stopped and arrested, but this fails to plausibly establish that police were politically motivated to retaliate against Peraica when they stopped and arrested him.

As a result, we conclude that the Illinois state court has made factual determinations that are identical to factual issues at stake in the third element of Peraica's retaliation claim. We thus affirm the district court ruling on issue preclusion. Peraica is estopped from bringing his First Amendment retaliation claim.

## C.  Leave to Amend

Finally, Peraica argues that the district court erred in dismissing his retaliation claim without granting leave to amend. District courts may deny requests to amend, however, when amendment would be futile. *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). We recognize that this case raises difficult issues, personally for Peraica, and perhaps publicly for McCook. But we are obligated by principles of federalism and comity to respect the state court decision, rather than speculate about improper motives in ways that would undermine the state's factual determinations. Because Peraica's First Amendment claim is barred by issue preclusion, the district court acted properly in denying Peraica's effort to amend his complaint.

## Conclusion

The rulings of the district court are AFFIRMED.